USDC SCAN INDEX SHEET

















JPP 4/17/01 9:46

3:01-CV-00665 MAHER V. INS

*1*

*PCSO.*

ORIGINAL

**DANIEL MAHER**[1]
**A35-945-225**
**INS Detention Facility**
**1115 North Imperial Avenue**
**El Centro, CA 92243**

01 APR 16 PM 1:57

BY: DEPUTY

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **DANIEL MAHER, [A35-945-225],** <br><br> **Petitioner,** <br><br> **v.** <br><br> **UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, AND ADELE FASANO, INS DISTRICT DIRECTOR FOR THE SAN DIEGO DISTRICT,** <br><br> **Respondents.** | Civil Action No. 01 CV 00665 K (RBB) <br><br> **PETITION FOR WRIT OF HABEAS CORPUS** <br><br> **[28 U.S.C. § 2241]** |

Petitioner, Daniel Maher, respectfully applies to the Court for a Writ of Habeas Corpus to remedy his unlawful detention by Respondents.

Petitioner is in the custody of the Immigration and Naturalization Service, and the INS District Director for the San Diego District, Adele Fasano (referred to collectively as "INS"). He is detained at the INS Detention Facility, in El Centro, California.

## JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. § 2241(c)(1) and (3); Art. I., § 9, Cl. 2 of the United States Constitution ("Suspension Clause"); and 28 U.S.C. § 1331, as Petitioner is being unlawfully detained pursuant to the INS's misunderstanding of the provisions of 8 U.S.C. § 1231(a)(6). Moreover, his

---

[1] Petitioner is filing this petition for writ of habeas corpus with the assistance of Jason I. Ser and Federal Defenders of San Diego, Inc., who drafted the instant petition. That same counsel also assisted petitioner in preparing and submitting his requests to proceed *in forma pauperis*, and for appointment of counsel.

detention violates the United States Constitution, and laws or treaties enacted or entered into by the United States. See Magana-Pizano v. INS, 152 F.3d 1213 (9th Cir. 1998), amended, 159 F.3d 1217 (9th Cir. 1998) (per curiam), cert. granted, (U.S. Dec. 21, 1998), (No. 98-836), remanded (U.S. Mar. 8, 1999) (No. 98-1011); Goncalves v. Reno, 144 F.2d 110 (1st Cir. 1998), cert. denied,(U.S. Mar. 8, 1999) (No. 98-835). Reno v. American-Arab Anti-Discrimination, __ U.S. __, 119 S.Ct. 936, 943 (1999), makes clear that Petitioner's habeas petition is not barred by 8 U.S.C. § 1252(g).

Venue is proper in this district because Petitioner's removal proceedings were held here, and Petitioner is detained here. See 28 U.S.C. § 2241 *et. seq.*, and 28 U.S.C. § 1391(e).

## BACKGROUND

Petitioner is a long-time lawful permanent resident of the United States. Petitioner has been ordered removed by the INS as a result of a criminal conviction(s). Because he cannot be removed to his country of origin, he is being held by the INS based on the INS's misunderstanding of its statutory authority to detain non-removable aliens indefinitely under 8 U.S.C. § 1231(a)(6).

Adele Fasano is the District Director of the San Diego District of the INS and administers the immigration laws on behalf of the United States Attorney General in the federal judicial district for the Southern District of California; as such, she has immediate control and custody of Petitioner.

Petitioner Maher is a national of Macau who legally entered the United States and resided here as a lawful permanent resident. He has been ordered removed to Macao and his removal order is final. He cannot be removed. See Post Order Custody Review Worksheet for File Review and/or Interview (Attached as Exhibit 15 to Declaration of Jason I. Ser ("Ser Dec.") (Attached hereto)).

## STATUTORY AND REGULATORY FRAMEWORK

Section 1231(a)(2) of Title 18 of the United States Code, which was enacted as part of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), amended the Immigration and Nationality Act and mandated that certain aliens must be detained during a 90-day removal period, which begins when his order of removal becomes final.

Once the 90-day removal period runs, 8 U.S.C. §§ 1231(a)(3) and (a)(6) govern release/detention of an alien under a final order of removal.

Section 1231(a)(3) sets out the appropriate conditions for release of aliens who cannot be deported within the 90-day removal period:

> Supervision after 90-day period. If the alien does not leave or is not removed within the removal period, the alien, pending removal, shall be subject to supervision under regulations prescribed by the Attorney General. The regulations shall include provisions requiring the alien--
> (A) to appear before an immigration officer periodically for identification;
> (B) to submit, if necessary, to a medical and psychiatric examination at the expense of the United States Government;
> (C) to give information under oath about the alien's nationality, circumstances, habits, associations, and activities, and other information the Attorney General considers appropriate; and
> (D) to obey reasonable written restrictions on the alien's conduct or activities that the Attorney General prescribes for the alien.

Section 1231(a)(6) allows the Attorney General to continue to detain certain individuals beyond the 90-day removal period:

> Inadmissible or criminal aliens. An alien ordered removed who is inadmissible under section 212 [8 USCS §1182], removable under section 237(a)(1)(C), 237(a)(2), or 237(a)(4) [8 USC §1227(a)(1)(C), (a)(2), or (a)(4)] or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

However, section 1231(a)(6) does not authorize the INS to continue to detain an alien beyond the 90-day removal period or a reasonable time thereafter if there is "no reasonable likelihood that the alien will be removed in the reasonably foreseeable future." Ma v. Reno, 208 F.3d 815, 818-19 (9th Cir. 2000), reh'g en banc denied, (June 2, 2000), cert. granted sub nom. Reno v. Ma, 69 U.S.L.W. 3086, 2000 WL 949125 (U.S. Oct. 10, 2000) (No. 00-38).

## RESPONDENT INS'S STATUTORY VIOLATIONS

The INS's continued detention of Petitioner violates §1231(a)(6) because, given that China has not issued travel documents for Mr. Maher's return, there is "no reasonable likelihood that the alien will be removed in the reasonably foreseeable future." Id. Therefore, Petitioner must be released under the conditions set out in §1231(a)(3).

//

//

## RESPONDENT INS'S CONSTITUTIONAL VIOLATIONS

The Fifth Amendment provides that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law." Removable aliens, even those unlawfully in the United States, are entitled to due process protection. See Matthews v. Diaz, 426 U.S. 67 (1976)("There are literally millions of aliens within the jurisdiction of the United States. The Fifth Amendment, as well as the Fourteenth Amendment, protects every one of these persons from deprivation of life, liberty, or property without due process of law. Even one whose presence in this country is unlawful, involuntary, or transitory is entitled to that constitutional protection.") (citations omitted); Plyler v. Doe, 457 U.S. 202, 210 (1987) ("the Fifth Amendment protects aliens whose presence in this country is unlawful").

From a substantive due process perspective, Petitioner's indefinite detention by the INS violates his fundamental liberty interests. See, e.g. Phan v. Reno, 56 F. Supp. 1149 (W.D. Wash. 1999); Nguyen v. Fasano, 84 F. Supp. 2d 1099 (S.D. Cal. Feb. 1, 2000); see also Haroutounian v. INS, Case No. 99CV1871-IEG (S.D. Cal. Mar. 10, 2000); Duong v. INS, 99CV1965-J(S.D. Cal. Mar. 17, 2000).

From a procedural due process perspective, the INS procedures for reviewing a non-removable alien's custody status (to decide whether to release that alien, and under what conditions) are constitutionally deficient because they: (1) are not followed; (2) permit detention on the basis of dangerousness alone; (3) place the burden of proof to obtain release upon the detainee; (4) use a fact-finder who is inherently biased and incompetent to make a finding of dangerousness; (5) do not provide for an appropriate hearing; and (6) do not provide for appointment of a competent professional to assist the detainee in the review process. See In Re Indefinite Detention Cases, 82 F. Supp.2d 1098, 1101 (C.D. Cal. Jan. 27, 2000); see also Duong v. INS, 99CV1965-J (S.D. Cal. Mar. 17, 2000).

The substantive provisions of AEDPA and IIRIRA that govern the detention of Petitioner may not, consistent with his terms, and with due process and statutory construction principles, be given retroactive effect in Petitioner's case.

Petitioner's detention is unconstitutional because it amounts to punishment without Petitioner being afforded basic constitutional criminal procedure protections, and also violates the double jeopardy and *ex post facto* clauses of the Constitution.

Petitioner's detention is unconstitutional because Petitioner is not a flight risk and does not present a danger to society.

## REQUESTED RELIEF

Petitioner requests that this Court order the INS to release him from custody under the conditions of supervision set out in 8 U.S.C. §1231(a)(3), consistent with the United States Court of Appeals' holding in Ma. v. Reno.

Petitioner also requests that the Court hold that his detention violates his rights to substantive and procedural due process, and violates the double jeopardy and *ex post facto* clauses of the United States Constitution. On those bases, as well as the statutory basis set out above, Petitioner requests that the Court order the INS to release him under the conditions of supervision set out in 8 U.S.C. §1231(a)(3).

Dated: 2-24-01

Respectfully Submitted,

DANIEL MAHER
A35-945-225
INS Detention Facility
1115 North Imperial Avenue
El Centro, CA 92243
Petitioner

JS 44 (rev. 07/89) ORIGINAL

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**

MAHER
INS EL CENTRO DETENTION FACILITY
1115 N. IMPERIAL AVENUE
EL CENTRO, CA 92243

**DEFENDANTS** '01 CV 00665 K (RBB)

IMMIGRATION AND NATUALIZATION SERVICE
c/o GREGORY A. VEGA, U.S. Attorney
ATTN: Samuel Bettwy, Assistant U.S. Attorney
880 Front Street
San Diego, CA 92101-8893

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Imperial
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

In Forma Pauperis

ATTORNEYS (IF KNOWN)

GREGORY A. VEGA, U.S. Attorney
Samuel Bettwy, Assistant U.S. Attorney
880 Front Street
San Diego, CA 92101-8893

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. Section 2241

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury—Med Malpractice
- ☐ 365 Personal Injury—Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☒ 530 General
- ☐ 535 Death Penalty
- ☒ 540 Mandamus & Other
- ☐ 550 Other

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23

DEMAND $

Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) (See instructions): IF ANY

NO

JUDGE ______ DOCKET NUMBER ______

DATE 2-24-01

SIGNATURE OF ATTORNEY OF RECORD [signature]