








```
JPP    4/17/01    9:50
3:01-CV-00665   MAHER V. INS
*3*
*M.*
```

ORIGINAL

DANIEL MAHER[1]
A35-945-225
INS Detention Facility
1115 North Imperial Avenue
El Centro, CA 92243

01 APR 16 PM 1:59

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MAHER, [A35-945-225], <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, AND ADELE FASANO, INS DISTRICT DIRECTOR FOR THE SAN DIEGO DISTRICT, <br><br> Respondents. | Civil Action No. '01 CV 0665 K (RBB) <br><br> REQUEST FOR APPOINTMENT OF COUNSEL PURSUANT TO 18 U.S.C. §3006A |

## INTRODUCTION

Petitioner is a national of Macau. He is a long-time lawful permanent resident of the United States who has been ordered removed by the INS, and his removal order is final. However, because he cannot be removed, Petitioner remains in INS custody, despite the fact that the 90-day removal period authorized by Congress has passed. See 8 U.S.C. §1231(a)(1)(A). The INS has continued to detain Petitioner under the INS's mistaken belief that 8 U.S.C. §1231(a)(6) allows it to detain Petitioner indefinitely. The United States Court of Appeals for the Ninth Circuit recently held otherwise, stating that §1231(a)(6) does not authorize the INS to continue to detain an alien beyond the 90-day removal period if there is "no reasonable likelihood that the alien will be removed in the reasonably foreseeable future." Ma v. Reno, 208 F.3d 815, 818-19 (9th Cir. 2000), reh'g en banc denied, (June 2, 2000), cert. granted sub nom. Reno v. Ma, 69 U.S.L.W. 3086, 2000

---

[1] Petitioner is filing this request for appointment of counsel with the assistance of Jason I. Ser and Federal Defenders of San Diego, Inc., who drafted the instant motion.

WL 949125 (U.S. Oct. 10, 2000) (No. 00-38). Accordingly, Petitioner files the accompanying habeas corpus petition, pursuant to 28 U.S.C. § 2241, requesting that this Court order his release.

As the affidavit accompanying Petitioner's request to proceed *in forma pauperis* will show, the Petitioner cannot afford to hire counsel. Accordingly, in the interests of justice, Petitioner requests that this Court appoint Federal Defenders of San Diego, Inc., to represent him in this habeas action. That office stands ready and able to assist Petitioner in pursuing this petition. See Declaration of Jason I. Ser ("Ser Dec.")(Attached hereto) at ¶ 2; April 17, 2000 Letter from Mario Conte, Executive Director of Federal Defenders of San Diego, to Chief District Judge Huff (requesting appointment of Federal Defenders in INS indefinite detainee cases)(Attached as Exhibit 1 to Ser Dec.).

## LEGAL ARGUMENT

Assuming that a Petitioner has shown financial need, a district court should appoint counsel in a habeas proceeding when the "interests of justice so require." 18 U.S.C. §3006A(a)(2)(B). To make this decision, the Court should "evaluate [1] the likelihood of success on the merits as well as [2] the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). In addition, the "rules governing habeas proceedings mandate the appointment of counsel [1] if necessary for the effective utilization of discovery procedures (Rule 6(a), 28 U.S.C. foll. §2254), or [2] if an evidentiary hearing is required (Rule 8(c)) . . . ." Id. (emphasis added).

In Ly v. INS, Case No. 00-55439 (9th Cir. Apr. 10, 2000)(Attached as Exhibit 2 to Ser Dec.), the district court denied the petition for writ of habeas corpus challenging the INS's practice and policy of indefinite detention, but failed to rule on the petitioner's first and renewed requests for appointment of counsel. The Ninth Circuit appointed Federal Defenders of San Diego to represent Appellant-Petitioner on appeal, relying on 18 U.S.C. § 3006A(a)(2)(B), and Weygandt v. Look. See also Mando v. INS, Case No. 99-56529 (9th Cir. Oct. 13, 1999)(appointing Federal Defenders of San Diego in response to emergency motion, after district court denied motion for appointment)(Attached as Exhibit 3 to Ser Dec.); Sladariu v. Fasano, Case No. 99-56534 (9th Cir. Nov. 22, 1999)(ordering appointment of counsel for petitioner who had retained counsel in the district court)(Attached as Exhibit 4 to Ser Dec.). Because the instant Petitioner raises the same issues as were raised in Ly, Mando, and Sladariu, this Court should follow those Ninth Circuit decisions and appoint counsel.

In <u>Aphayavong v. INS</u>, Case No. 00CV0804-J (LAB)(S.D. Cal. June 22, 2000)(Order appointing counsel)(hereinafter "<u>Aphayavong</u> June 22, 2000 Order appointing counsel")(Attached as Exhibit 5 to Ser Dec.), the court appointed Federal Defenders of San Diego, Inc., as counsel for twenty-six petitioners, including several Cuban nationals, consolidated in a single petition for writ of habeas corpus challenging their illegal detention by the INS based upon the panel opinion in <u>Ma</u>, <u>supra</u>. The court appointed counsel on the bases of financial eligibility, likelihood of success on the merits of the petition, and the complexity of the legal issues involved. <u>Aphayavong</u> June 22, 2000 Order appointing counsel at 3; see also <u>Chreng, et. al., v. INS, et. al.</u>, Case No. 00CV2388-IEG (AJB)(S.D. Cal. Dec. 6, 2000)(Order granting motion for appointment of counsel for 16 petitioners)(Attached as Exhibit 10 to Ser Dec.); <u>Cao, et. al., v. INS, et. al.</u>, Case No. 00CV1991-L (JAH)(S.D. Cal. Oct. 10, 2000)(Order granting motion for appointment of counsel for 23 petitioners)(Attached as Exhibit 11 to Ser Dec.); <u>Abdala v. INS, et. al.</u>, Case No. 00CV1828-L (CGA)(S.D. Cal. Sept. 12, 2000)(order granting motion for appointment of counsel)(Attached as Exhibit 9 to Ser Dec.); <u>Chaydy, et. al., v. INS, et. al.</u>, Case No. 00CV1687-J (JAH)(S.D. Cal. Sept. 1, 2000)(Order granting motion for appointment of counsel for 20 petitioners)(Attached as Exhibit 6 to Ser Dec.). "Those Petitioners who have been in INS custody beyond the statutory removal period are likely to succeed on the merits of their case under <u>Ma v. Reno</u>." <u>Aphayavong</u> June 22, 2000 Order appointing counsel at 3 (citation omitted); accord <u>Aphayavong, et. al. v. INS, et. al.</u>, Case No. 00CV0804-J (LAB)(S.D. Cal. July 5, 2000)(order granting writ of habeas corpus for Cambodian Petitioners)(Attached as Exhibit 7 to Ser Dec.); <u>Aphayavong, et. al. v. INS, et. al.</u>, Case No. 00CV0804-J (LAB)(S.D. Cal. June 23, 2000)(order granting writ of habeas corpus)(Attached as Exhibit 8 to Ser Dec.). The court also stated that "[m]any of the issues regarding indefinite detainees are novel and remain to be clarified." <u>Aphayavong</u> June 22, 2000 Order appointing counsel at 3. For these reasons, coupled with petitioners' lack of education, limited proficiency in English and the complex law and procedure involved with the petition, the court concluded that the interests of justice required appointment of counsel. <u>Id.</u> at 3, n. 2. This Court also should appoint counsel because the instant petition presents the same legal and factual issues.

//
//

## A. Petitioner Has A High Likelihood Of Success On The Merits

Petitioner is a long-time lawful permanent resident of the United States who has been ordered removed and whose removal order is final. However, he cannot be removed because his country of origin will not accept him. As mentioned above in the introduction, the INS continues to detain Petitioner, despite the fact that it has no statutory authority to do so. This was made clear in the recent Ninth Circuit holding in Ma v. Reno:

> [T]he INS lacks authority under the immigration laws, and in particular under 8 U.S.C. § 1231(a)(6), to detain an alien who has entered the United States for more than a reasonable time beyond the normal ninety day statutory period authorized for removal. More specifically, in cases like Ma's, in which there is no reasonable likelihood that the alien will be removed in the reasonably foreseeable future, we hold that it may not detain the alien beyond that statutory removal period.

208 F.3d at 818. "Although Ma involved a petitioner from a country which does not have a repatriation agreement with the United States, the Ninth Circuit did not expressly limit its holding to cases such as Ma's. The holding of Ma logically applies to stateless aliens and those whose countries refuse to take them for various reasons." Aphayavong, et. al. v. INS, et. al., Case No. 00CV0804-J (S.D. Cal. July 25, 2000)(order granting writ of habeas corpus)(Attached as Exhibit 14 to Ser Dec.); see also Ma, 208 F.3d at 820-821; Aphayavong, et. al., v. INS, et. al., Case No. 00CV0804-J (LAB) (S.D. Cal. Nov. 14, 2000)(order Granting Petitioner's Motion for Relief from Judgment and granting writ of habeas corpus for Chinese petitioner challenging indefinite detention) (Attached as Exhibit 12 to Ser Dec.); Grkacharian v. INS, Case No. 00CV1208-K (S.D. Cal. August 31, 2000)(order granting writ of habeas corpus)(Attached as Exhibit 13 to Ser Dec.).

## B. The Legal Issues Raised Are Indisputably Complex

This case involves a complex intermingling of constitutional law, statutory interpretation, general jurisdiction, administrative procedure, and immigration law. See Aphayavong June 22, 2000 Order appointing counsel at 3; see also Abdala, Case No. 00CV1828-L, Sept. 12, 2000 Order at 2. While the Ninth Circuit's opinion in Ma has clarified some of the issues, there are several issues to be resolved (most obviously, regarding procedural due process and acceptable conditions of supervision). Moreover, the fact that the INS has not shown any inclination toward complying with the Ma opinion at this point indicates that this litigation is far from over. Finally, recognizing the complexity of the issues presented, the district courts

in this and other Ninth Circuit districts where INS indefinite detainee litigation is on-going appointed federal public defender offices to assist indefinite detainees. See Ser Dec. at ¶ 3; see also Aphayavong June 22, 2000 Order appointing counsel at 3 (appointing counsel based on complexity of legal and procedural issues involved with the petition).

C. **Appointment Of Counsel Is Necessary Because Discovery Is Imperative**

The INS has information and documents relevant to Petitioner's habeas petition including, but not limited to: (1) Petitioner's criminal history; (2) Petitioner's bail or parole history; (3) Petitioner's institutional history; (4) communications between the INS and the embassy of Petitioner's native country; (5) and documents relevant to INS custody reviews of Petitioner.

Mr. Maher is indigent as evidenced by the accompanying application to proceed *in forma pauperis*. He has no legal education, training or background. See Ser Dec. at ¶ 20. He only obtained his GED while serving a criminal sentence in state custody. Id. at ¶ 19. Petitioner is not capable of effectively pursing the discovery from the INS that he will need to adequately present his claims, see Aphayavong June 22, 2000 Order appointing counsel at 3, particularly considering that the INS has proved a tenacious, and obstructive, adversary at every step of the indefinite detention litigation. Moreover, the Petitioner will not be able to adequately review and evaluate his INS file, better less review the relevant discovery regarding his likelihood of being removed in the foreseeable future. It is noteworthy that in other districts where this type of litigation is on-going, district and magistrate judges have compelled all manners of discovery, including documents, interrogatories, and depositions. These facts alone compel appointment of counsel.

D. **An Evidentiary Hearing May Be Necessary**

Depending on the INS's next tactic or strategy, an evidentiary hearing may be necessary in this case. This fact alone compels appointment of counsel.

Dated: 1-24-01

Respectfully submitted,

DANIEL MAHER
A35-945-225
INS Detention Facility
1115 North Imperial Avenue
El Centro, CA 92243
Petitioner