















JPP   4/17/01   10:06

3:01-CV-00665   MAHER V. INS

*4*

*DECL.*

ORIGINAL

1 | DANIEL MAHER
A35-945-225
2 | INS Detention Facility
1115 North Imperial Avenue
3 | El Centro, CA 92243

01 APR 16 PM 1:59

DEPUTY

8 | UNITED STATES DISTRICT COURT

9 | SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10 DANIEL MAHER,<br>[A35-945-225], | Civil Action No. 01 CV 00665 K (RBB) |
| 11 | |
| Petitioner, | |
| 12 | |
| v. | DECLARATION OF JASON I. SER; |
| 13 | EXHIBITS |
| UNITED STATES IMMIGRATION AND | |
| 14 NATURALIZATION SERVICE, AND | |
| ADELE FASANO, INS DISTRICT | |
| 15 DIRECTOR FOR THE SAN DIEGO | |
| DISTRICT, | |
| 16 | |
| Respondents. | |

17

18 I, Jason I. Ser, declare:

19     1.     I am an attorney with Federal Defenders of San Diego, Inc., and am licensed to practice

20 law before the courts of the State of California, and the United States District Court for the Southern

21 District of California.

22     2.     Federal Defenders of San Diego, Inc., is ready and able to assist this Petitioner in his

23 petition for writ of habeas corpus.

24     3.     I monitor INS indefinite detainee litigation in other Ninth Circuit districts, and I am in

25 frequent contact with other federal defender offices involved with this litigation. District courts appoint

26 the federal defender offices to represent INS indefinite detainees, as a matter of course, in the following

27 districts: the Western and Eastern Districts of Washington, the District of Oregon, the Eastern and Central

28 Districts of California, and the District of Nevada. As far as I know, these are the only Ninth Circuit

4

1 districts where this type of litigation is taking place.

2     4.    Federal Defenders of San Diego, Inc., has written to the Honorable Marilyn L. Huff, Chief Judge, United States District Court for the Southern District of California, updating the status of INS indefinite detention litigation and renewing the request that Federal Defenders of San Diego, Inc., be appointed to represent non-removable aliens who cannot afford counsel. See Letter from Mario Conte, Executive Director of Federal Defenders of San Diego, to Chief District Judge Huff (4/17/00)(Attached as Exhibit 1 hereto).

8     5.    In two instances, pursuant to an application and an emergency motion, the Ninth Circuit ordered Federal Defenders of San Diego, Inc., appointed as counsel of record on appeal of petitions for writs of habeas corpus denied by district courts for the Southern District of California. See Ly v. INS, Case No. 00-55439 (9th Cir. Apr. 10, 2000)(Attached as Exhibit 2 hereto); Mando v. INS, Case No. 99-56529 (9th Cir. Oct. 13, 1999)(Attached as Exhibit 3 hereto).

13     6.    In one instance, the Ninth Circuit ordered the district court for the Southern District of California to appoint counsel for petitioner who had retained counsel in the district court. See Sladariu v. Fasano, Case No. 99-56534 (9th Cir. Nov. 22, 1999)(Attached as Exhibit 4 hereto).

16     7.    The Honorable Napoleon A. Jones, Jr., appointed Federal Defenders of San Diego, Inc., as counsel on a similar petition for writ of habeas corpus filed on behalf of twenty-six detainees, including several Cubans, in custody of the INS based on claims that are identical to that presented in the instant petition. See Aphayavong, et. al. v. INS, et. al., Case No. 00CV0804-J (S.D. Cal. June 22, 2000)(order granting request for appointment of counsel for, among others, Cuban nationals challenging INS detention)(Attached as Exhibit 5 hereto); see also Chaydy et. al., v. INS, et. al., Case No. 00CV1687-J (JAH)(S.D. Cal Sept. 1, 2000)(Order granting motion for appointment of counsel)(Attached as Exhibit 6 hereto). Judge Jones cited petitioners' likelihood of success on the merits as well as the complexity of the legal issues involved as bases for appointing Federal Defenders as counsel for petitioners.

25     8.    The Honorable Napoleon A. Jones, Jr., consistent with the finding that a likelihood of success on the merits existed, granted a writ of habeas corpus pursuant to Ma v. Reno, 208 F.3d 815, 818-19 (9th Cir. 2000), reh'g en banc denied, (June 2, 2000), cert. granted sub nom. Reno v. Ma, 69 U.S.L.W. 3086, 2000 WL 949125 (U.S. Oct. 10, 2000) (No. 00-38), and ordered the INS to release several Cuban,

1 Vietnamese, Laotian and Cambodian nationals whose detention beyond the 90-day statutory removal
2 period violated 8 U.S.C. § 1231(a)(6) because their deportation/repatriation was not reasonably likely in
3 the reasonably foreseeable future. See Aphayavong, et. al. v. INS, et. al., Case No. 00CV0804-J
4 (LAB)(S.D. Cal. July 5, 2000)(order granting writ of habeas corpus for Cambodian petitioners)(Attached
5 as Exhibit 7 hereto); Aphayavong, et. al. v. INS, et. al., Case No. 00CV0804-J (LAB)(S.D. Cal. June 23,
6 2000)(Order granting writ of habeas corpus for Cuban, Vietnamese and Laotian petitioners)(Attached as
7 Exhibit 8 hereto).

8      9.     Judge Lorenz also recently appointed Federal Defenders of San Diego, Inc., as counsel
9 on a similar petition for writ of habeas corpus for a Somali national finding it likely that Petitioner would
10 prevail on the merits of his claim and that absent counsel Petitioner would be unable to adequately
11 address the intricate legal arguments that are appropriate because issues raised were complex and
12 difficult. See Abdala v. INS, et. al., Case No. 00CV1828-L (CGA)(S.D. Cal. Sept. 12, 2000)(Order
13 granting motion for appointment of counsel)(Attached as Exhibit 9 hereto); see also Chreng et. al., v. INS,
14 et. al., Case No. 00CV2388-IEG (AJB)(S.D. Cal. Dec. 6, 2000)(Order granting motion for appointment of
15 counsel for 16 Petitioners by Honorable Judge Gonzalez)(Attached as Exhibit 10 hereto); See Cao, et. al.
16 v. INS, et. al., Case No. 00CV1991-L (JAH)(S.D. Cal. Oct. 10, 2000)(Order Granting Motion for
17 Appointment of Counsel) (Attached as Exhibit 11 hereto).

18      10.     Several district courts in similar litigation involving the INS's practice and policy of
19 indefinite detention have ruled that Ma v. Reno, 208 F.3d 815 (9th Cir. 2000), did not expressly limit its
20 holding to cases where an alien cannot be removed because the United States lacks a repatriation
21 agreement with that alien's native country and applied the holding in Ma to all non-removable aliens
22 detained beyond the statutory removal period. See e.g., Aphayavong, et. al., v. INS, et. al., Case No.
23 00CV0804-J (LAB) (S.D. Cal. Nov. 14, 2000)(order Granting Petitioner's Motion for Relief from
24 Judgment and granting writ of habeas corpus for Chinese petitioner challenging indefinite detention)
25 (Attached hereto as Exhibit 12 hereto); Grkacharian v. INS, Case No. 00CV1208-K (S.D. Cal. August 31,
26 2000)(order granting writ of habeas corpus)(Attached as Exhibit 13 hereto); Aphayavong, et. al. v. INS,
27 et. al., Case No. 00CV0804-J (S.D. Cal. July 25, 2000)(order granting writ of habeas corpus)(Attached as
28 Exhibit 14 hereto).

1    11.    I have spoken and corresponded repeatedly with Daniel Maher.

2    12.    Respondent conducted a review of Mr. Maher's custody on March 29, 2001. See Post

3    Order Custody Review Worksheet for File Review and/or Interview (Attached as Exhibit 15 hereto).

4    13.    Mr. Maher is a national of Macau. Id.

5    14.    He entered INS custody on February 17, 2000. Id.

6    15.    His order of removal became final on May 15, 2000. Id.

7    16.    The 90-day statutory removal period pursuant to 8 U.S.C. § 1231(a)(3) expired on or

8    about August 21, 2000.

9    17.    Respondent has not obtained travel documents to effectuate Mr. Maher's removal

10   based upon the INS's custody review report, which states: "A travel document was requested on May 16,

11   2000, from the People's Republic of China. A subsequent request for a travel document was sent on June

12   29, 2000, and to date a response has not been received." Id.

13   18.    Mr. Maher currently is detained by the INS at the INS Detention Facility in El Centro,

14   California.

15   19.    Mr. Maher obtained his GED while in state custody.

16   20.    Mr. Maher does not have any legal education, training or background.

17

18        I declare under penalty of perjury that the foregoing is true and correct, executed on April

19   11, 2001, in San Diego, California.

20

21

22                                            Jason I. Ser

23

24

25

26

27

28

Exhibit 1

COPY

**FEDERAL**

**DEFENDERS**

**OF**

**SAN DIEGO,**

**INC.**

The Federal Community
Defender Organization
for the Southern
District of California

April 17, 2000

Honorable Marilyn L. Huff
Chief Judge
United States District Court for
  the Southern District of California
United States Courthouse
940 Front Street
San Diego, California 92101

Re:    Status of INS Indefinite Detention Litigation

Dear Chief Judge Huff:

As the Court may be aware, the United States Court of Appeals for the Ninth Circuit recently held that Congress did not intend to grant the Immigration and Naturalization Service the authority to indefinitely detain aliens ordered deported but who cannot be removed. See Ma v. Reno, __ F.3d __, Case No. 99-35976, 2000 WL 358445 (9th Cir. Apr. 10, 2000). The Ninth Circuit held that such individuals must be released under conditions of supervision if they cannot be deported in the reasonably foreseeable future.

Considering that this office has been representing or assisting several non-removable aliens, and given the issues that have arisen in that context, I am writing to update you on our efforts in this area.

As you know, this office has been assisting INS indefinite detainees for about one year. Early on, we sought general approval from the Court for our appointment on these types of cases. The Court preferred to address appointment on a case-by-case basis. Accordingly, we helped several indefinite detainees prepare their initial filing documents, including a request for appointment of counsel. We have met with mixed results. Some of the district judges have appointed this office, others have not yet ruled, and others have denied appointment. However, because the appointment issue cannot be litigated as an interlocutory appeal, we have continued to assist people for whom appointment has been denied in an effort to develop the record adequately, and in anticipation of appealing the appointment issue to the Ninth Circuit. Notably, in the three cases in which we have raised the appointment issue before the Ninth Circuit, it has ordered counsel appointed. See Mando v. INS, Case No. 99-56529 (9th Cir. Oct. 13, 1999) (appointing Federal Defenders in response to emergency motion appealing district court's order denying appointment) (enclosed); Ly v. INS, Case No. 00-55439 (9th Cir. April 10, 2000) (appointing Federal Defenders as counsel on appeal, after district court declined to rule on the motion for appointment of counsel despite Mr. Ly's initial and renewed request for appointment) (enclosed); Hardie v. Fasano, Case No. 99-56534 (9th Cir. Nov. 22, 1999) (ordering appointment of counsel for individual who had retained counsel in the district court) (enclosed).

Home Savings Tower
225 Broadway
Suite 900
San Diego,
California
92101-5008
(619) 234-8467
FAX (619) 687-2666

To date, we have assisted more than fifty indefinite detainees with filing their habeas petitions and related documents. The judges that have ruled on these petitions in this district have reached contrary conclusions on the merits. Judges Moskowitz, Whelan, and Miller have found no constitutional violation in indefinite detention, while Judges Gonzalez, Keep, and Jones have found serious constitutional concerns. There are also potential issues regarding procedural due process that have not been developed.

In light of the Ninth Circuit's decision in Ma, and the split in this district on key issues related to indefinite detention, we want to renew our request that the Court consider, as a general policy, appointing this office to represent non-removable aliens. The vast majority of non-removable aliens cannot afford counsel, they have a high likelihood of success on the merits, and the issues presented are complex. See Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). By weeding out individuals who present a genuine claim for relief from those who do not (e.g., excludables), we can help trim the court's habeas filings.

Some judges in this district may have taken the position that because they have decided the constitutional issues in similar cases, appointment is no longer necessary in succeeding cases, or they may similarly reason that because the Ninth Circuit has rendered a significant holding in this context, appointment of counsel is unnecessary. However, the litigation in the Ma case is far from over. The government may petition for a panel rehearing and en banc review. Moreover, there are important issues that remain to be decided by the courts regarding, for example, procedural due process and permissible conditions of supervision. Accordingly, for the foreseeable future, non-removable aliens will need to file habeas petitions and seek relief from the courts on a variety of issues.

Given the above, we are filing a consolidated habeas petition for several non-removable aliens with whom we have met, but who have not yet filed habeas petitions. These individuals represent the most straightforward cases, in that they are from countries with which the United States lacks repatriation agreements (Vietnam, Laos, Cambodia, and Cuba). We will be filing a request to be appointed counsel for all of these individuals, so we may help guide them through the process for gaining relief, and to help insure that they are actually released under appropriate conditions.

There are also other individuals who present more difficult issues as to whether they can be removed (e.g., stateless people from the former Soviet republics). In these cases, we will continue to seek appointment on a case-by-case basis. Appointment may be especially warranted as these cases will likely require discovery.

We again respectfully request that the Court appoint us to represent non-removable aliens who cannot afford to retain counsel. We have spoken with INS counsel in these cases, Assistant United States Attorney Samuel Bettwy, and he has advised us that he does not oppose our appointment. Moreover, our office has worked out a relationship with Mr. Bettwy that will allow us to deal with these cases efficiently and effectively. Our goal is not only to help these petitioners

but to assist the Court by presenting the legal and factual issues in a professional and efficient manner. The Ma opinion could result in a flood of *pro se* petitions to the Court. We believe that appointment of counsel in these cases would produce a more orderly presentation of these claims, and ultimately serve the best interests of the Court and the petitioners.

Thank you for your consideration. If the Court has any questions or concerns about this matter, please do not hesitate to contact me to discuss them. I would be happy to speak with your Honor or any of the other judges at your convenience.

Very truly yours,

MARIO G. CONTE
Executive Director

MGC/mmm
Enclosures

cc: Samuel Bettwy
    Assistant United States Attorney

Exhibit 2

# UNITED STATES COURT OF APPEALS F I L E D

## FOR THE NINTH CIRCUIT

APR 1 0 2000

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HIEP LY, | No. 00-55439 |
| Petitioner-Appellant, | DC# CV-99-2220-TJW |
| | Southern California |
| v. | |
| | ORDER |
| IMMIGRATION AND NATURALIZATION SERVICE, | |
| Respondent-Appellee. | |

Before: Peter L. Shaw, Appellate Commissioner

Appellant's motion for appointment of counsel is granted. *See* 18 U.S.C. § 3006A(a)(2)(B); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

The court hereby appoints Jason I. Ser, Esq., Federal Defenders of San Diego, 225 Broadway, Suite 900, San Diego, California 92101, phone: 619-234-8467, as counsel of record for appellant.

The Clerk shall serve this order on appellant individually at: Hiep Ly, A25-318-333, INS Detention Facility, 1115 North Imperial Avenue, El Centro, CA 92243.

The previously established briefing schedule shall remain in effect.

*Peter L. Shaw*

General Order 6.3(e)

Exhibit 3

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 1 3 1999

CATHY A. CATTERSON, CLERK
U.S COURT OF APPEALS

ROBERT DISHO MANDO,

    Petitioner-Appellant,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,

    Respondent-Appellee.

No. 99-56529

DC# CV-99-1546-BTM
Southern California

ORDER

Before: Peter L. Shaw, Appellate Commissioner

    Appellant's motion for appointment of counsel is granted. *See* 18 U.S.C.
§ 3006A(a)(2)(B); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Todd W.
Burns, Esq., Federal Defenders of San Diego, Inc., is appointed as appellant's
counsel of record.

    The briefing schedule established previously remains in effect.

*Peter L. Shaw*
General Order 6.3(e)

Exhibit 4

MINUTE BOOK COPY

UNITED STATES COURT OF APPEALS FILED

FOR THE NINTH CIRCUIT

NOV 22 1999

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

DAMIAN HARDIE; BENJAMIN
SLADARIU,

        Petitioners-Appellants,

    v.

ADELE J. FASANO, District Director,

        Respondent-Appellee.

No. 99-56534

DC# CV-99-629-IEG
Southern California

ORDER

Before: WALLACE and T.G. NELSON, Circuit Judges

Appellant Damian Hardie's motion to withdraw his appeal is granted. This

appeal is dismissed only as to appellant Hardie.

Appellant Benjamin Sladariu's motion for in forma pauperis status is granted.

The Clerk shall change the docket to reflect appellant's in forma pauperis status for

this appeal.

The motion of Gina Darvas, Esq., to withdraw as retained counsel for

appellant Benjamin Sladariu is granted.

Appellant Benjamin Sladariu's motion for appointment of counsel is granted.

Counsel will be appointed by separate order.

No. 99-56534

The Clerk shall serve a copy of this order on Magistrate Judge Louisa S.

Porter, U.S. District Court for the Southern District of California, 940 Front Street,

Suite 1140, San Diego, California 92101-8925, who will locate appointed counsel.

Magistrate Judge Porter may wish to consider that Jason I. Ser, Esq., of Federal

Defenders of San Diego, Inc., has expressed willingness to accept this appointment.

The district court shall provide the Clerk of this court with the name and address of

appointed counsel within 14 days of locating counsel.

Appellant Benjamin Sladariu's opening brief and excerpts of record are due

January 18, 2000; appellee's brief is due February 17, 2000; the optional reply brief

is due within 14 days after service of appellee's brief.

Exhibit 5

00 JUN 22 AM 7:01

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TU VAN PHAM, et al, | CASE NO. 00-CV-0804 -J |
| Plaintiff, | ORDER DENYING REQUEST TO PROCEED IN FORMA PAUPERIS AND GRANTING MOTION FOR APPOINTMENT OF COUNSEL |
| vs. | |
| IMMIGRATION AND NATURALIZATION SERVICE, et al, | |
| Defendant. | |

This matter comes before the Court on Petitioners's motion to proceed in forma ~~p~~uperis under 28 U.S.C. § 1915(a) and for appointment of counsel pursuant to 28 U.S.C. § ~~41~~. For reasons set forth below, the Court DENIES Petitioners's motion to proceed in forma ~~pa~~uperis and GRANTS Petitioners's motion for appointment of counsel.

## DISCUSSION

I. In Forma Pauperis Status Under § 1915(a)

~~A co~~urt may authorize the commencement of a civil suit without prepayment of fees if Petitioners ~~subm~~it an affidavit, including a statement of all their assets, showing that they are unable to pay ~~cou~~rt fees. 28 U.S.C. § 1915(a). Petitioners have submitted an affidavit but ~~th~~have failed to s~~how that they lack~~ the financial resources to pay the $5 filing fee. Petitioners's

1 Therefore, the Court finds that Petitioners have sufficient funds to pay the filing fee.
2 Accordingly the Court DENIES Petitioner's request to proceed *in forma pauperis*.[1]

3

4 II. Appointment of counsel

5    Pursuant to 18 U.S.C. § 3006A(a)(2), the district court may appoint counsel for
6 financially eligible petitioners seeking relief under § 2241 when the interests of justice so
7 require. "In deciding whether to appoint counsel in a habeas proceeding, the district court
8 must evaluate the likelihood of success on the merits as well as the ability of the petitioner to
9 articulate his claims *pro se* in light of the complexity of the legal issues involved." Weygandt
10 v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

11

12    A. Financial eligibility

13    Although the Court found that Petitioners have sufficient resources to pay the $5 filing
14 fee to commence this action, the Court finds that Petitioners do not have sufficient financial
15 resources to obtain an attorney. Petitioners receive a very limited income either from relatives
16 or from working at the detention facility. Most have dependents they are unable to provide for.
17 The Court therefore determines that Petitioners are financially eligible for a court-appointed
18 attorney.

19

20    B. Likelihood of success on the merits

21    Petitioners are all aliens under a final order of removal being detained in INS custody.
22 The majority of Petitioners are from countries that do not have repatriation agreements with
23 the United States and will not accept them. Those Petitioners who have been in INS custody
24 beyond the statutory removal period are likely to succeed on the merits of their case under Ma
25 v. Reno, 208 F.3d 815 (9th Cir. 2000). In that case, the Ninth Circuit held that the INS does
26 not have the statutory authority to detain aliens beyond the statutory removal period if there
   is likelihood that the alien will be removed in the reasonably foreseeable future.

1   Therefore, it is likely that many of the Petitioners will succeed on the merits of their claim.

2

3       C. Complexity of the legal issues

4       Petitioners aver that many of them are uneducated and have limited proficiency in

5   English. (Request for Appointment of Counsel, p. 5). Many of the issues regarding indefinite

6   detainees are novel and remain to be clarified. The petition involves complex areas of law

7   such as jurisdiction, constitutional law, immigration law, and administrative procedure.

8   Additionally, Petitioners may be unable to obtain vital discovery without the aid of counsel.[2]

9

10      The Court finds that the interests of justice require that Petitioners be formally

11  represented by counsel. Accordingly, the Court appoints the Federal Defenders of San Diego,

12  Inc. to represent Petitioners.

13

14                      CONCLUSION

15      For the reasons set forth above the Court DENIES Petitioners's request to proceed *in*

16  *forma* pauperis without prejudice and GRANTS Petitioners's request for appointment of

17  counsel. The Federal Defenders of San Diego, Inc. is appointed to represent Petitioners.

18      IT IS SO ORDERED.

19

20  DATED: June 21, 2000

21                              NAPOLEON A. JONES, JR.
                                United States District Judge

22  cc: All Parties

23

24

25

26

Exhibit 6

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUNNUI CHAYDY, et al, | CASE NO. 00-CV-1687-J (JAH) |
| Petitioner, | ORDER DENYING REQUEST TO PROCEED *IN FORMA PAUPERIS* |
| vs. | ORDER GRANTING MOTION FOR APPOINTMENT OF COUNSEL |
| IMMIGRATION AND NATURALIZATION SERVICE, et al, | ORDER TO SHOW CAUSE |
| Respondent. | [Docket No.'s 2 -16] |

This matter comes before the Court on Petitioners' Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. This matter also comes before the Court on Petitioners' motion to proceed *in forma pauperis* under 28 U.S.C. § 1915(a) and on Petitioners' request for appointment of counsel pursuant to 28 U.S.C. § 2241. For reasons set forth below, the Court DENIES Petitioners' motion to proceed *in forma pauperis*, GRANTS Petitioners' motion for appointment of counsel, and ORDERS Respondent to SHOW CAUSE why the Petition for Writ of Habeas Corpus should not be granted.

## DISCUSSION

### I. *IN FORMA PAUPERIS* STATUS UNDER § 1915(A)

A court may authorize the commencement of a civil suit without prepayment of fees if Petitioners submit affidavits, including statements of all their assets, showing that they are

1  unable to pay court fees. 28 U.S.C. § 1915(a). Petitioners have submitted affidavits but have
2  failed to show that they lack the financial resources to pay the $5 filing fee. Petitioners' prison
3  certificates show that together Petitioners have over $3200 in their accounts. Therefore, the
4  Court finds that Petitioners have sufficient funds to pay the filing fee. Accordingly, the Court
5  DENIES Petitioners' request to proceed *in forma pauperis*.[1]

6

7  II. APPOINTMENT OF COUNSEL

8         Pursuant to 18 U.S.C. § 3006A(a)(2), the district court may appoint counsel for
9  financially eligible petitioners seeking relief under § 2241 when the interests of justice so
10 require. "In deciding whether to appoint counsel in a habeas proceeding, the district court
11 must evaluate the likelihood of success on the merits as well as the ability of the petitioner to
12 articulate his claims *pro se* in light of the complexity of the legal issues involved." Weygandt
13 v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

14        A. Financial eligibility
15        Although the Court found that Petitioners have sufficient resources to pay the $5 filing
16 fee to commence this action, the Court finds that Petitioners do not have sufficient financial
17 resources to obtain an attorney. Petitioners receive a very limited income either from relatives
18 or from working at the detention facility. Most have dependents they are unable to provide for.
19 The Court therefore determines that Petitioners are financially eligible for a court-appointed
20 attorney.

21        B. Likelihood of success on the merits
22        Petitioners are all aliens under a final order of removal currently being detained in INS
23 custody pending removal. The Petitioners are from Vietnam, Laos, and Cambodia -- countries
24 which do not have repatriation agreements with the United States. The Petitioners who have
25 been in INS custody beyond the statutory removal period are likely to succeed on the merits
26 of their case in light of the Ninth Circuit's decision in Ma v. Reno, 208 F.3d 815 (9th Cir.
27 2000). In that case, the Ninth Circuit held that the INS does not have the statutory authority
28

_____

[1] The Court notes that the filing fee has already been paid in this case.

1   to detain aliens beyond the statutory removal period if there is "no reasonable likelihood that

2   a foreign government will accept the alien's return in the reasonably foreseeable future." Id.

3   at 822. Therefore, it is likely that many of the Petitioners will succeed on the merits of their

4   claim.

5         C. Complexity of the legal issues

6         Petitioners aver that many of them are uneducated and have limited proficiency in

7   English. (Req't for Appt. of Counsel at 6). Many of the issues regarding indefinite detainees

8   are novel and remain to be clarified. The petition involves complex areas of law such as

9   jurisdiction, constitutional law, immigration law, and administrative procedure. Additionally,

10   Petitioners may be unable to obtain vital discovery without the aid of counsel.[2]

11         In light of these factors, the Court finds that the interests of justice require that

12   Petitioners be formally represented by counsel. Accordingly, the Court GRANTS Petitioners'

13   request for appointment of counsel and APPOINTS the Federal Defenders of San Diego, Inc.

14   to represent Petitioners.

15

16   III. ORDER TO SHOW CAUSE

17         Having received Petitioners' Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, the

18   Court ORDERS Respondent to SHOW CAUSE why the Petitioners should not be released

19   pursuant to Ma by taking the following actions:

20         (1) file a written return no later than September 13, 2000;

21         (2) file copies of all pertinent documents, orders and transcripts relevant to this motion;

22         and

23         (3) file a memorandum of law and fact fully stating Respondent's position and make a

24         recommendation regarding the need for an evidentiary hearing on the merits of this

25         motion.

26         It is further ordered that if Petitioner wishes to reply to the return, the traverse must be

27

28       [2] Because the Court finds that the interests of justice require appointment of counsel in this case, the Court does not reach Petitioners's argument that appointment is mandated pursuant to Rule 6(a), 28 U.S.C. foll. § 2254.

1 | filed no later than September 20, 2000.

2 | After all the papers are filed, the parties shall await further order of this Court.

3 |

4 | CONCLUSION

5 | For the reasons set forth above, the Court DENIES Petitioners' request to proceed *in*

6 | *forma* pauperis without prejudice and GRANTS Petitioners' request for appointment of

7 | counsel. The Federal Defenders of San Diego, Inc. is appointed to represent Petitioners.

8 | Respondent is ORDERED to SHOW CAUSE why Petitioners' Writ of Habeas Corpus should

9 | not be granted by taking the actions set forth herein.

10 | IT IS SO ORDERED.

11 |

12 | DATED: 9-1-2000

13 | NAPOLEON A. JONES, JR.
United States District Judge

14 | cc: All Parties

Exhibit 7



FILED

5 20ui

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CAL......

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANSAMONE APHAYAVONG, et al. | CASE NO. 00-CV-0804 |
| Plaintiff, | ORDER GRANTING WRIT OF HABEAS CORPUS FOR PETITIONERS LOEUN, KUY, AND POK |
| vs. | |
| IMMIGRATION AND NATURALIZATION SERVICE, et al. | |
| Defendant. | |

This matter comes before the Court on petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Petitioners Da Chan LOEUN (A27 304 499), Vanny KUY (A27 752 115), and Sophan POK (A72 894 621) seek their release from the custody of the Immigration and Naturalization Service ("INS"). For reasons set forth below, the Court GRANTS the petition and orders the INS to remove or release them from custody.

## BACKGROUND

Petitioners LOEUN, KUY, and POK are Cambodian nationals who legally entered the United States and resided as a permanent residents. (Petition, ¶ 5; Return, p. 3; Attachment to Return). Respondent INS issued final orders of removal against LOEUN on August 11, 1999, against KUY on March 6, 1997, and against POK on June 30, 1998, all as a result of a criminal convictions. (*Id.*).

...... a ...diation agreement with Cambodia,

1     Petitioners cannot be removed and remain in INS custody. (Petition. ¶ 5). The Court takes judicial

2     notice that the statutory removal periods for LOEUN, KUY, and POK elapsed in November 1999,

3     June 1997, and September 1998, respectively. On April 20, 2000, Petitioners were three of thirty-one

4     petitioners who filed the instant writ of habeas corpus, challenging their continued detention by the

5     INS.

6

7                            DISCUSSION

8   I.  Jurisdiction and venue

9        The Court has jurisdiction under 28 U.S.C. § 2241(c)(1) and (3). The Court's jurisdiction is

10    not limited by 8 U.S.C. § 1252. Ma v. Reno, 208 F.3d 815, n.3 (9th Cir. 2000). The Court has

11    discretion to hear the petition despite failure to exhaust administrative remedies. Nguyen v. Fasano,

12    84 F.Supp.2d 1099, 2000 WL 144216 (S.D. Cal. 2000)(No. 99-CV-1885-K (CGA). Venue is proper

13    in this district pursuant to 28 U.S.C. § 2241(d).

14

15   II.  Application of Ma

16        Pursuant to 18 U.S.C. §.1231, the issuance of a final order of removal commences a 90-day

17    removal period, during which the alien must be detained in custody pending removal. However,

18    certain aliens cannot be removed within the ninety day period. Pursuant to § 1231(a)(6), an alien

19    removable as a result of a criminal conviction can be detained beyond the removal period. The Ninth

20    Circuit in Ma v. Reno, 208 F.3d 815, limited § 1231(a)(6) by holding that "aliens may not be detained

21    beyond that statutory removal period if there is no reasonable likelihood that their country of origin

22    will permit their return in the reasonably foreseeable future . . ." Id.

23        Petitioners are from Cambodia, a country that does not currently have a repatriation agreement

24    with the United States. Petitioners argue that they are entitled to release under Ma v. Reno. However,

25    Respondents allege that the United States and Cambodian governments are close to entering a

26    repatriation agreement.[1] On April 27, a Joint Statement was issued by the Royal Government of

27    ⎯⎯ ⎯⎯⎯

                   ⎯⎯⎯⎯⎯⎯ their misstatement in the Return that

1   Cambodia and the United States Department of State, Department of Justice, and the INS. (Return,

2   Exhibit 5). The Statement reflects that officials from each country met and agreed on general

3   principles that should govern the repatriation of each other's nationals. (Id.). James Hergen, a

4   member of the U.S. delegation, declares that he expects initial repatriations to occur "hopefully, within

5   the next several months" but recognizes that it would be foolhardy to attempt to predict a date certain

6   for the initiation of repatriations. (Decl. of James Hergen). Attorney Linda A. Harter declares that

7   she has spoken with Nou Hak, First Secretary of the Royal Embassy of Cambodia. (Declaration of

8   Linda Harter). According to Harter, Secretary Hak said that there was no time table for the conclusion

9   of a repatriation agreement with the United States and that he could not estimate how long negotiations

10   would take. Further, certain aliens may not be accepted if there are no known relatives or friends in

11   Cambodia. (Id.).

12         Considering the evidence presented by both parties, the Court finds that there is not a

13   reasonable likelihood that Cambodia will permit Petitioner's return in the reasonably foreseeable

14   future. Currently, there is not a repatriation agreement with Cambodia and it is speculative as to when

15   and if such an agreement may be reached. Even if a repatriation agreement is concluded, it is further

16   speculative as to whether the Cambodian government will accept these particular Petitioners under the

17   conditions of the agreement. Despite Respondent's optimism that an agreement will be concluded

18   shortly and Petitioners may be removed, until a repatriation agreement has been entered into by

19   Cambodia and the U.S., the removal of Petitioners still remains uncertain. Given this uncertainty,

20   holding Petitioners in custody indefinitely is untenable.

21         The Court finds that the INS does not have the statutory authority to detain LOEUN, KUY,

22   and POK any longer. Ma v. Reno, 208 F.3d 815. Accordingly, Respondent INS is ORDERED to

23   remove Petitioners LOEUN, KUY, and POK or release them forthwith.

24

25   Conditions of release

26         Respondents are authorized to set conditions of release for Petitioners pursuant to 8 C.F.R. §

27   241.5 and 8 U.S.C. § 1231(a)(3). "[T]he conditions must be the minimum needed to assure

                                     ... be reasonable and capable of being modified

for the alien[s] to satisfy them." In re: Indefinite Detention Cases, 82 F. Supp. 2d 1098 (C.D. Cal. 2000)(No. CV-98-674 TJH (JWJX).

## CONCLUSION

For reasons set forth above, Petitioner NGUYEN's petition for writ of habeas corpus is GRANTED. It is ORDERED that Respondents remove or release Petitioner LOEUN KUY, and POK forthwith. The conditions of release set by Respondents must be reasonable and capable of being achieved by Petitioners.

The parties are ORDERED to appear in this Court to report on the status of Petitioner on Tuesday, July 11, 2000 at 8:00 a.m. If satisfactory conditions of release have not been reached by the status hearing, an appropriate bond shall be set by the Court. See, Vo v. Greene, 63 F.Supp.2d 1278 (D.Colo., Aug 31, 1999) (NO. 98-WM-2427,98-WM-2428)(directing the parties to agree on bond terms consistent with 8 C.F.R. § 241.5 by a date certain or bond would be set by the court).

Remaining Petitioners shall await further order of the Court.

IT IS SO ORDERED.

DATED: _____

_____
NAPOLEON A. JONES, JR.
United States District Judge

cc: All Parties

Exhibit 8



FILED

JUN 7 3 2 "

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANSAMONE APHAYAVONG, et al, | CASE NO. 00-CV-0804 |
| Plaintiff, | ORDER GRANTING WRIT OF HABEAS CORPUS FOR THIRTEEN DESIGNATED PETITIONERS |
| vs. | |
| IMMIGRATION AND NATURALIZATION SERVICE, et al, | |
| Defendant. | |

This matter comes before the Court on petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Petitioners are thirty aliens who seek their release from the custody of the Immigration and Naturalization Service ("INS"). For reasons set forth below, the Court GRANTS the petition as to Petitioners Sang Than TU, Min Do HUNG, Sam Byong MIN, Giang Huynh TRUONG, Long Thanh LY, Kien Tri HIEP, Quan NGUYEN, Thao VANG, Oü Kem SAEPHAN, Chansamone APHAYAVONG, and Khamphan KEOBOUNRUANG, Alfredo RIVAS-VARONA and Damian REGUERRA-LOPEZ and orders the INS to remove them or release them from custody.

## BACKGROUND

Petitioners are foreign nationals subject to an order of final removal from the United States as
~~~~~~~~~ (Petition ¶3). On April 20, 2000, the Petitioners filed a writ of

1   Petitioners Sang Than TU, Min Do HUNG, Sam Byong MIN, Giang Huynh TRUONG, Long

2   Thanh LY, Kien Tri HIEP, Quan NGUYEN, Hai Khac VU are Vietnamese nationals who legally

3   entered the United States and resided as permanent residents. (Petition, ¶ 5). TU was ordered

4   removed by the INS on January 20, 2000; HUNG was ordered removed on January 19, 2000; MIN

5   was ordered removed on October 26, 1999, TRUONG was ordered removed on August 2, 1999; LY

6   was ordered removed on April 8, 1999; HIEP was ordered removed on January 21, 1999, NGUYEN

7   was ordered removed on April 15, 1997; VU was ordered removed on January 15, 1997. (Return, p.

8   3). However, because the United States does not have a repatriation agreement with Vietnam, these

9   Petitioners remain in INS custody. (Petition, ¶ 5).

10   Petitioners Theo VANG, Ou Kem SAEPHAN, Chansanone APHAYAVONG, and Khamphan

11   KEOBOUNRUANG are Laotian nationals who legally entered the United States and resided as

12   permanent residents. (Petition, ¶ 6). VANG was ordered removed on January 12, 2000; SAEPHAN

13   was ordered removed on January 11, 2000; APHAYAVONG was ordered removed on November 10,

14   1999; and KEOBOUNRUANG was ordered removed on July 30, 1999. (Return, p. 3). However,

15   because the United States does not have a repatriation agreement with Laos, these Petitioners remain

16   in INS custody. (Petition, ¶ 6).

17   Petitioners Alfredo RIVAS-VARONA and Damian REGUERRA-LOPEZ are Cuban nationals

18   who legally entered the United States and resided as permanent residents. (Petition, ¶ 8). RIVAS-

19   VARONA was ordered removed on December 15, 1999 and Damian REGUERRA-LOPEZ was

20   ordered removed on April 14, 1999. (Return, p. 3). Cuba does not have a repatriation agreement with

21   the United States. (Petition, ¶ 8).

22

23

24                                  DISCUSSION

25   <u>Jurisdiction and venue</u>

26   The Court has jurisdiction under 28 U.S.C. § 2241(c)(1) and (3). The Court's jurisdiction is

     _ _ _ _ _ _ _ _ _ _ Ma v. Reno, 208 F.3d 815, n.3 (9th Cir. 2000). The Court has

1  84 F.Supp.2d 1099, 2000 WL 144216 (S.D.Cal. 2000)(No. 99-CV-1885-K (CGA). Venue is proper
2  in this district pursuant to 28 U.S.C. § 2241(d).

3

4  <u>Detention beyond the statutory removal period</u>

5       Pursuant to 18 U.S.C. § 1231(a), an alien ordered removed must be removed within a 90-day
6  removal period during which the alien must be detained in custody.   The removal period begins when
7  their order of removal becomes final.  § 1231(a)(1)(B).   "[A]liens may not be detained beyond that
8  statutory removal period if there is no reasonable likelihood that their country of origin will permit
9  their return in the reasonably foreseeable future. . . ." <u>Ma v. Reno</u>, 208 F.3d 815 (9th Cir. 2000).

10      All of the above named Petitioners are foreign nationals from countries that do not have
11  repatriation agreements with the United States.  Therefore, there is no reasonable likelihood that their
12  countries of origin will permit their return in the reasonably foreseeable future.  All have been in INS
13  custody beyond the statutory removal period.  The Court finds that the INS does not have the statutory
14  authority to detain these individuals; their continued confinement of these Petitioners is illegal under
15  <u>Ma v. Reno</u>, 208 F.3d 815.

16

17  <u>Stay of the proceedings</u>

18      Respondent does not contest that <u>Ma v. Reno</u> governs the cases of the above named Petitioners.
19  Instead, Respondent asks the Court to continue this petition pending the outcome of the petition for
20  rehearing <u>en banc</u> in <u>Ma</u>, which the Ninth Circuit has agreed to expedite.  Respondent claims that the
21  Court would not abuse its discretion under <u>Yong v. INS</u>, 208 F. 3d 1116,  2000 WL 364865 (9th Cir.
22  Cal.).  In that case, the Ninth Circuit held that a district court abused its discretion in granting a stay
23  pending the resolution of the appeal in the <u>Ma</u>.  Respondent argues that <u>Yong</u> is distinguishable
24  because that case involved an indefinite stay whereas here, the petition for rehearing is being heard
25  on an expedited basis. (Return, p. 7-8).  The Court finds no merit in Respondent's argument.  While
26  the requested term is short in duration, the stay would be logically extended if  the petition for

Court has a duty to provide a swift remedy to cases of illegal detention. <u>Yong v. INS</u>, 208 F. 3d at 1120. Several of the Petitioners have been in INS custody for over a year. Petitioners Nguyen has been in INS custody for over three years. Any benefit that could result from a stay of the action is far outweighed by the Petitioners's liberty interests. Accordingly, the Court ORDERS the INS to release or remove the above named Petitioners forthwith.

Conditions of release

Respondent is authorized to set conditions of release for the released Petitioners pursuant to 8 C.F.R. § 241.5. and 8 U.S.C. § 1231(a)(3). "[T]he conditions must be the minimum needed to assure availability for deportation. Further the conditions must be reasonable and capable of being modified for the alien to satisfy them." <u>In re: Indefinite Detention Cases</u>, 82 F. Supp. 2d 1098 (C.D. Cal. 2000)(No. CV-98-674 TJH (JWJX).

//

//

//

//

//

//

//

//

//

//

//

//

//

//

## CONCLUSION

For reasons set forth above, it is ORDERED that Respondent remove or release Petitioners Sang Than TU, Min Do HUNG, Sam Byong MIN, Giang Huynh TRUONG, Long Thanh LY, Kien Tri HIEP, Quan NGUYEN, Thao VANG, Ou Kem SAEPHAN, Chansamone APHAYAVONG, and Khamphan KEOBOUNRUANG, Alfredo RIVAS-VARONA and Damian REGUERRA-LOPEZ forthwith. The conditions of release set by Respondent must be reasonable and capable of being achieved by Petitioners.

The parties are ORDERED to appear in this Court to report on the status of these Petitioners on Friday, June 28, 2000 at 9:30 a.m. If satisfactory conditions of release have not been reached by the status hearing, an appropriate bond shall be set by the Court.

Remaining Petitioners shall await further order of the Court.

IT IS SO ORDERED.

DATED: June 23, 2000

NAPOLEON A. JONES, JR.
United States District Judge

cc: All Parties

# Exhibit 9

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIBAN ABDALA, | Civil No. 00-CV-1828-L(CGA) |
| Petitioner, | ORDER DENYING REQUEST TO PROCEED *IN FORMA PAUPERIS* AND GRANTING MOTION FOR APPOINTMENT OF COUNSEL |
| v. | |
| UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, et al., | [28 U.S.C. § 2241] |
| Respondents. | |

Petitioner, an Immigration and Naturalization Service detainee, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, together with a request to proceed *in forma pauperis* under 28 U.S.C. § 1915(a) which reflects a $111.07 balance in his prison trust account. Petitioner can afford the $5.00 filing fee. Accordingly, the Court DENIES the request to proceed *in forma pauperis*.

Petitioner also moves for appointment of counsel under 18 U.S.C. § 3000A(a)(2). Appointment of counsel is permitted for financially eligible petitioners in the interests of justice. The Court considers whether there is a likelihood of success on the merits and whether the unrepresented petitioner has the ability to articulate his claims in light of the complexity of the issues presented. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Although petitioner is financially able to pay the $5.00 filing fee, he is unable to obtain counsel with his limited financial resources.

Petitioner raises the issue of whether, after *Ma v. Reno*, 208 F.3d 815 (9th Cir. 2000), he may be held lawfully in INS custody beyond the statutory removal period. The Court finds it is likely petitioner will prevail on the merits of his claim.

The issue raised in this action is complex and difficult as demonstrated in the conflicting decisions entered in this district. Petitioner would be unable to adequately address the intricate legal arguments that are appropriate.

The Court finds and concludes that the interests of justice require appointment of counsel. Based upon petitioner's motion and the declaration of Jason I. Ser, an attorney with the Federal Defenders of San Diego, Inc., who indicates he is ready and able to assist the petitioner, the Court appoints the Federal Defenders of San Diego, Inc. to represent petitioner Liban Abdala. Accordingly, petitioner's motion for appointment of counsel is GRANTED.

IT IS SO ORDERED.

Dated: 9/1/2001

M. JAMES LORENZ
UNITED STATES DISTRICT JUDGE

COPY TO:

HON. CYNTHIA G. AARON
UNITED STATES MAGISTRATE JUDGE

Liban Abdala
A76-666-640
San Diego Detention Center - CCA
P.O. Box 439049
San Ysidro, CA 92143-9049

Federal Defenders of San Diego, Inc.
Home Savings Tower
225 Broadway, Ste. 900
San Diego, CA 92101

U.S. Attorney's Office
Civil Division
880 Front Street Suite 6253
San Diego, CA 92101

Exhibit 10

FILED

00 DEC -6 AM 10: 25

CLERK U.S...
SOUTHERN...

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YO CHRENG, et al, | CASE NO. 00-2388-IEG |
| Petitioners, | ORDER (1) GRANTING PETITIONERS' REQUEST FOR APPOINTMENT OF COUNSEL; (2) GRANTING PETITIONERS' MOTIONS TO PROCEED IN FORMA PAUPERIS; AND (3) TO SHOW CAUSE WHY RELIEF PURSUANT TO 28 U.S.C. § 2241 SHOULD NOT BE GRANTED |
| vs. | |
| UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, et al, | |
| Respondents. | |

On December 1, 2000, petitioners Yo Chreng, Cuong Huy Cu, Danh Cong Huynh, Ty Van Huynh, Phong Hung Le, Raschaya Leap, Thanehack Linhthiong, He Manup, Ba Loc Nguyen, Hai Nguyen, Quan The Nguyen, Tam Ong, Chiam Meng Saechao, Souriya Sayadeth, Chanthy Sok, and Panyavong Soulalay (collectively "petitioners") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioners challenge their custody by the Immigration and Naturalization Services ("INS"), which is detaining petitioners pending efforts to deport them to either Vietnam, Laos, or Cambodia. Petitioners do not challenge their removability determination, but rather seek to be released from "indefinite" INS custodial confinement. Petitioners have also filed a request for appointment of counsel and individual motions to proceed in forma pauperis ("IFP"). For the following reasons, the Court (1) grants petitioners' request for appointment of counsel; (2) grants

motions to proceed ifp; and (3) orders the INS to show cause why their petition should

1  not be granted.

2  I.  REQUEST FOR APPOINTMENT OF COUNSEL

3  Petitioners request appointment of counsel pursuant to 18 U.S.C. § 3006A. Federal

4  Defenders of San Diego, Inc., has requested to be appointed to represent petitioners in this matter.

5  Section 3006A(a)(2)(b) provides that when the court determines that "the interests of justice

6  so require," the court may appoint counsel for financially eligible individuals who are seeking relief

7  under section 2241. The Court finds that, given the nature of the issues raised in the petition and the

8  large number of petitioners, the appointment of counsel is appropriate in this case. The Court

9  therefore GRANTS petitioners' request for appointment of counsel and APPOINTS Federal

10  Defenders of San Diego, Inc., to represent petitioners.

11  II.  MOTIONS TO PROCEED IFP

12  A court may authorize the commencement of action without the prepayment of fees if the

13  party submits an affidavit, including a statement of his or her assets, showing that he or she is unable

14  to pay the requisite filing fee. 28 U.S.C. § 1915(a). In individual, supporting affidavits, petitioners

15  state that they have no substantial income, assets, or savings. The Court therefore GRANTS

16  petitioners IFP status.

17  III.  ORDER TO SHOW CAUSE

18  The Court hereby ORDERS respondents to show cause why the instant petition should not

19  be granted. Respondents shall have until Monday, January 8, 2001 to file and serve an answer.

20  Petitioners shall have until Monday, January 22, 2001 to file and serve a traverse. This matter will

21  be set on calendar for Monday, February 5, 2001 at 10:30 a.m. Unless the Court notifies the

22  parties otherwise, this matter will be taken under submission on that date and will be decided

23  ////

24  ////

25  ////

26  ////

27  ////

1 | without oral argument. See Local Civil Rule 7.1(d)(1).

2 |     IT IS SO ORDERED.

3 |

4 |

5 | DATED: _Dec. 5, 2000_       _Irma E. Gonzalez_

6 |                       IRMA E. GONZALEZ, Judge
                      United States District Court

7 |

8 | cc:    Magistrate Judge Anthony J. Battaglia
        all parties

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

Exhibit 11

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HOA CAO et al., | ) | Civil No. 00cv1991-L(JAH) |
| Petitioners, | ) | ORDER DENYING MOTIONS TO PROCEED *IN FORMA PAUPERIS* |
| v. | ) | ORDER GRANTING MOTION FOR APPOINTMENT OF COUNSEL |
| UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE; ADELE FASANO, INS DISTRICT DIRECTOR FOR THE SAN DIEGO DISTRICT, | ) | ORDER TO SHOW CAUSE |
| Respondents. | ) | [Docket Nos. 2-22] |

Petitioners, Immigration and Naturalization Service detainees, have filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, together with requests to proceed *in forma pauperis* under 28 U.S.C. § 1915(a), and a motion for appointment of counsel under 18 U.S.C. § 3006A.

I.   Motions to Proceed *In Forma Pauperis*.

As of the date of this order, all but three of the 24 Petitioners in this action have filed motions to proceed *in forma pauperis*. As an initial matter, the Court notes that the motions to proceed *in forma pauperis* are moot because the $5.00 filing fee has been paid for this action. Insofar as Petitioners seek a refund of the filing fee, they have cited no authority allowing such

1 could therefore afford the $5.00 filing fee. Accordingly, the Court DENIES the requests to

2 proceed *in forma pauperis* [Docket Nos. 2-21].

3 II. Motion for Appointment of Counsel.

4     Petitioners also move for appointment of counsel under 18 U.S.C. § 3006A(a)(2). Under

5 this statute, the district court may appoint counsel for financially eligible petitioners seeking

6 relief under 28 U.S.C. § 2241 when the interests of justice so require. The Court considers

7 whether there is a likelihood of success on the merits and whether the unrepresented petitioner

8 has the ability to articulate his claims in light of the complexity of the issues presented.

9 *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

10     A. Financial Eligibility.

11     First, although Petitioners are financially able to pay the $5.00 filing fee, they are unable

12 to obtain counsel with their limited financial resources. Petitioners receive a limited income

13 from friends, family, or working at the detention facility. Having carefully considered the

14 Petitioners' motion and the record, the Court finds that Petitioners are financially eligible for a

15 court-appointed attorney.

16     B. Likelihood of Success on the Merits.

17     Petitioners are United States resident aliens who are under final orders of removal. They

18 cannot be removed, however, because the United States lacks repatriation agreements with their

19 countries of origin, Vietnam, Laos, and Cambodia. Petitioners argue their continued detention

20 beyond the statutory removal period is not lawful in light of *Ma v. Reno*, 208 F.3d 815 (9th Cir.

21 2000). In *Ma*, the Ninth Circuit held that the INS does not have the statutory authority to detain

22 aliens beyond the statutory removal period if there is "no reasonable likelihood that a foreign

23 government will accept the alien's return in the reasonably foreseeable future." *Ma*, 208 F.3d at

24 822. Under *Ma*, the Court finds it is likely Petitioners will prevail on the merits of their claim.

25     C. Complexity of the Legal Issues.

26     The Court finds that many of the issues raised in this action regarding indefinite

27 detainees are novel, complex, and difficult as demonstrated in the conflicting decisions entered

1 arguments that are appropriate to their constitutional and statutory claims. Further, Petitioners

2 may not be able to obtain discovery without the aid of counsel. Accordingly, having carefully

3 considered the Petitioners' motion, the record, and applicable law, the Court finds that the

4 interests of justice require appointment of counsel. Based upon Petitioners' motion and the

5 declaration of Jason I. Ser, an attorney with the Federal Defenders of San Diego, Inc., who

6 indicates he is ready and able to assist the Petitioners, the Court appoints the Federal Defenders

7 of San Diego, Inc. to represent Petitioners. Accordingly, Petitioners' motion for appointment of

8 counsel is GRANTED.

9 III.    Order to Show Cause.

10     Having received and reviewed Petitioners' petition for writ of habeas corpus under 28

11 U.S.C. § 2241, IT IS HEREBY ORDERED:

12     Respondents shall file a return to the petition for writ of habeas corpus on or before

13 November 13, 2000. Respondents shall include copies of all pertinent documents, orders, and

14 transcripts relevant to this motion, and shall also make a recommendation regarding the need for

15 an evidentiary hearing on the merits of the Petition. Petitioners shall file a traverse on or before

16 November 29, 2000. *The matter will be deemed under submission at that time.*

17     IT IS SO ORDERED.

18 Dated: _10/11/2001_

    M. JAMES LORENZ
19    UNITED STATES DISTRICT JUDGE

20 COPY TO:

21 HON. JOHN A. HOUSTON
    UNITED STATES MAGISTRATE JUDGE
22
    Jason I. Ser
23 Federal Defenders of San Diego, Inc.
    225 Broadway, Suite 900
24 San Diego, CA 92101-5008
    Ph: (619) 234-8467
25
    U.S. Attorney's Office, Civil Division
26 880 Front Street, Suite 6253
    San Diego, CA 92101
27

Exhibit 12

00 NOV 14 PM 2:22

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

CHANSAMONE APHAYAVONG,

                  Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE, et al.,

                  Respondent.

CASE NO. 00-CV-0804-J

ORDER GRANTING
PETITIONER'S MOTION FOR
RELIEF FROM JUDGMENT

This matter comes before the Court on Petitioner NINGEN LIAO's Motion for Relief from Judgment after this Court's denial of his habeas petition. Having now received evidence in the form of affidavits supporting Petitioner's statement that he lacks familial ties in China, the Court GRANTS Petitioner's Motion for Relief from Judgment.

## BACKGROUND

Petitioner is a former Lawful Permanent Resident of the United States who was ordered removed to China as a result of a criminal conviction. Petitioner has been detained in custody for longer than 90-days and continues to be detained in custody by the INS pursuant to 8 U.S.C. § 1231(a)(6), a provision of the Illegal Immigrant Reform and Immigrant Responsibility Act ("IIRIRA"). Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in conjunction with that of thirty other similarly situated petitioners in a matter referred to as Aphayavong v. INS, 00-CV-

5+1

-1-

1  0804-J. The Court ordered supplemental briefing on the issue of whether Petitioner has relatives living

2  in China and may therefore provide the Chinese Consulate with information required for travel

3  documents. In response, Petitioner submitted evidence in the form of letters from Petitioner's relatives.

4  The Court denied the Petition for failure to offer evidence in compliance with 28 U.S.C. § 2246.

5

·6                                    DISCUSSION

7  I.      Standard of Review -- Motion for Reconsideration

8          "Fed. R. Civ. P. 60(b) allows a court to relieve a party from final judgment or order 'upon such

9  terms that are just,' and dictates that, absent 'other, highly unusual, circumstances,' reconsideration

10  is appropriate only where (1) the district court is presented with newly discovered evidence, (2) the

11  court committed 'clear error or the initial decision was manifestly unjust,' or (3) if there is an

12  intervening change in controlling law." See Thao v. INS, Case No. 99-CV-2340-IEG (JAH) (S.D. Cal.

13  Sep. 19, 2000) (quoting School Dist. No. 1J, Multnomah County v. AcandS, Inc., 5 F.3d 1255, 1263

14  (9th Cir. 1993).

15  II.     Indefinite Detention and *Ma v. Reno*

16          8 U.S.C. § 1231(a) governs the removability and detainment of criminal aliens. An alien

17  ordered removed must be removed within a 90-day removal period during which the alien must be

18  detained in custody. 8 U.S.C. § 1231(a)(2). "[T]he INS lacks authority under the immigration laws,

19  and in particular under 8 U.S.C. § 1231(a)(6), to detain an alien who has entered the United States for

20  more than a reasonable time beyond the normal ninety day statutory period authorized for removal."

21  See Ma v. Reno, 208 F.3d 815, 818 (9th Cir. 2000). "[I]n cases . . . in which there is no reasonable

22  likelihood that the alien will be removed in the reasonably foreseeable future, [the INS] may not detain

23  the alien beyond that statutory period." See id. at 818-819. The removal period begins when the order

24  of removal becomes final. 8 U.S.C. § 1231(a)(1)(B).

25  //

26  //

27  //

28  //

In Ma v. Reno, 208 F.3d 815, (9th Cir. 2000), the Ninth Circuit found three categories of aliens who cannot be removed within the ninety-day removal period: those requiring additional processing time; those whose countries do not have repatriation agreements with the United States; and those "whose countries refuse to take them for other reasons, and yet others who may be effectively 'stateless' because of their race and/or place of birth." Id. at 820-821. Although Ma involved a petitioner from a country which does not have a repatriation agreement with the United States, the Ninth Circuit did not expressly limit its holding to cases such as Ma's. The holding of Ma logically applies to stateless aliens and those whose countries refuse to take them for various reasons.

The INS continues to detain Petitioner Liao in custody past the ninety-day period authorized in 8 U.S.C. § 1231(a)(2) and (a)(6) because although it has ordered Petitioner removed to China, China has not issued repatriation documents. Pet.'s Supp. Brief at 2. The INS explained that it

> has been diligently seeking repatriation documents from the Chinese government. The INS's inability to obtain such documents is due to Liao's failure to provide the Chinese consulate with a home address in China. Liao does not allege that he has no family in China, and such an allegation would be implausible given the fact that he still has family ties (with family members in the United States). He does not allege that his family's ties to China have been cutoff. The Court should not order Liao's release unless either (1) Liao can demonstrate that he has no family ties in China or (2) after Liao's providing a home address, the Chinese government refuses to issue repatriation agreements.

See INS's Court-Directed Return to Ex Parte Supplemental P&A at 1-2.

Pursuant to 28 U.S.C. § 2246 evidence in support of a habeas petition "may be taken orally or by deposition, or, in the discretion of the judge, by affidavit." In support of his motion for relief from judgment, Petitioner submits sworn affidavits from his brother, cousin and aunt stating that all of Petitioner's family members reside in the United States and that Petitioner has n o known family members in China.[1] (Simon Liao Decl. ¶ 9; Fung Decl. ¶ 6; Kuang Decl. ¶ 6). Petitioner's last remaining relative in China, his maternal grandfather, passed away two years ago. (Liao Decl. ¶ 10; Fung Decl. ¶ 7; Kuang Decl. ¶ 7). Petitioner gave his sworn testimony at his immigration hearing that his mother and father are both lawful permanent residents of the United States. (Mot. for Recon., Ex. 3).

---

[1] Although labeled "declarations," Petitioner presents evidence in the form of affidavits. Each affidavit is signed by a notary public and the statements given are under penalty of perjury.

1  Respondent counters that the affidavits do not support Petitioner's relief from judgment
2  because they are not newly discovered evidence and do not establish that Liao has no immediate
3  relatives in China. (Opp. at 1-2). In the alternative, Respondent asserts that Petitioner's habeas petition
4  should be stayed pending the Supreme Court's resolution of the issues in Ma v. Reno 208 F.3d 815
5  (9th Cir. 2000), reh'g en banc denied, (June 2, 2000), cert. granted sub nom. Reno v. Ma, 69 U.S.L.W.
6  3086, 2000 WL 949125 (U.S. Oct. 10, 2000). The Court rejects both of these arguments. District
7  Courts may not indefinitely stay habeas petitions, which "implicate special considerations that place
8  unique limits on a district court's authority to stay a case in the interests of judicial economy." Yong
9  v. INS, 208 F.3d 1116 (9th Cir. 2000). The Court further finds it's appropriate to accept the affidavits
10 in support of the motion for relief from judgment in order to reach the merits of Petitioner's habeas
11 petition. Petitioner's motion is therefore GRANTED.

12 III.    Conditions of release and request for interim relief.

13      While the INS does not have the authority to detain aliens ordered removed beyond the 90-day
14 statutory period, it is authorized to set conditions of release that will keep the Attorney General
15 apprised of Petitioner's availability for deportation. See 8 C.F.R. § 241.5 and 8 U.S.C. § 1231(a)(3).
16 "[T]he conditions must be the minimum needed to assure availability for deportation.  Further the
17 conditions must be reasonable and capable of being modified for the alien to satisfy them." In re:
18 Indefinite Detention Cases, 82 F. Supp. 2d 1098 (C.D. Cal. 2000). Since INS has a system in place that
19 monitors the compliance of any release conditions, if a released prisoner violates any condition of his
20 release, the INS may request the United States Attorney to prosecute the violations. Since 18 U.S.C.
21 § 3402 and 9 U.S.C. § 1253(b) provide appropriate methods of punishment in the event of such
22 violation, further indefinite detention by the INS of these prisoners is unwarranted. Accordingly, the
23 Court ORDERS the INS to release or remove the Petitioner forthwith.

24 //
25 //
26 //
27 //
28 //

# CONCLUSION

Petitioner's motion is GRANTED and the INS is ORDERED to release or remove the Petitioner forthwith. The conditions of release set by Respondent must be reasonable and capable of being achieved by Petitioner.

IT IS SO ORDERED.

DATED _____          _____
                                    NAPOLEON A. JONES, JR.
                                    United States District Judge

cc: All Parties

Exhibit 13

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

DAVID GRKACHARIAN,

                    Petitioner,

    vs.

UNITED STATES IMMIGRATION AND
NATURALIZATION SERVICE, AND
ADELE FASANO, INS DISTRICT
DIRECTOR FOR THE SAN DIEGO
DISTRICT,

                    Respondents.

CASE NO. 00-CV-1208-K (POR)

ORDER GRANTING PETITION
FOR WRIT OF HABEAS CORPUS

On June 15, 2000, Petitioner David Grkacharian, proceeding pro se but assisted by attorneys at Federal Defenders, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is an Armenian national being detained by the Immigration and Naturalization Service (INS). On July 31, 2000, Respondent filed a return in opposition to the petition. Petitioner filed a traverse on August 21, 2000.

## I.    Background

The following facts are taken from the parties' papers.

According to the record before the court, Petitioner is currently being held by the INS without bond pursuant to 8 U.S.C. § 1231(a)(6). Petitioner is an Armenian national, who was at one point a lawful permanent resident of the United States. On July 25, 1995, the immigration judge ordered Petitioner deported. Respondent alleges that Petitioner waived his right to appeal that decision to the

1  Board of Immigration Appeals (BIA). The basis for the INS's order of removal is unclear.

2      According to Respondent, Petitioner remained "at large," having posted bond in the amount

3  of $2,000. See Return at 2. On January 31, 2000, when Petitioner was released from prison, the INS

4  obtained custody of him. **According to Respondent,** since that time, the INS has requested travel

5  documents for Petitioner from Armenia and has conducted periodic custody reviews. See Return at

6  3. According to Jason Ser, an attorney from Federal Defenders who is helping Petitioner to prepare

7  his papers, an INS officer responsible for supervising Petitioner's detention case indicated that

8  Petitioner's A-File contains a formal written letter from the Consulate General of Armenia dated March

9  10, 2000, denying the INS's request for travel documents. See Traverse at 2 n.2. Respondent concurs

10  that the Armenian government has refused to issue travel documents because Petitioner is a citizen of

11  the former Soviet Union. See Return at 3.

12      Petitioner filed his habeas petition on June 15, 2000.

13

14  II.  Discussion

15      Petitioner asserts the following grounds for relief: (1) the INS's continued detention of

16  Petitioner violates § 1231(a)(6) because there is no reasonable likelihood that he will be removed in the

17  reasonably foreseeable future, see Ma v. Reno, 208 F.3d 815 (9th Cir. 2000); (2) indefinite detention

18  is in violation of his substantive and procedural due process rights; (3) the INS procedures which

19  provide review of his continued detention violate his procedural due process rights; (4) the substantive

20  provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and the Illegal

21  Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") may not, consistent with

22  their terms and with due process requirements, be given retroactive effect in his case; (5) his detention

23  is unconstitutional because it amounts to punishment without Petitioner being afforded basic

24  constitutional criminal procedural protections and also violates the double jeopardy and ex post facto

25  clauses of the Constitution; and (6) his detention is unconstitutional because he is not a flight risk and

26  does not present a danger to society. See Petition at 2-4. Since the court finds that Petitioner is

27  entitled to relief based on the Ninth Circuit's holding in Ma v. Reno, 208 F.3d 815 (9th Cir. 2000), the

28  court does not reach the merits of Petitioner's constitutional claims as alleged in grounds two, three,

1  four, five, and six above.  See id. at 827 ("As we may avoid doing so [answer the constitutional

2  question] by giving the statute a construction that does not require us to undertake any constitutional

3  inquiry, we follow that course here."); see also Debartolo Corp v. Florida Gulf Coast Bldg. & Constr.

4  Trades Council, 485 U.S. 568 (1988) (courts should interpret statutes in a manner that avoids

5  substantial constitutional questions).  Thus, the court will only address Petitioner's argument that his

6  indefinite detention is in violation of the ninety (90) day removal limitation set forth in 8 U.S.C. §

7  1231(a)(1)(A) and that § 1231 does not authorize the detention of deportable aliens beyond the ninety

8  day (90) removal period where there is no reasonable possibility that the Petitioner will be deported in

9  the foreseeable future

10

11      A.      Ma v. Reno, 208 F.3d 815 (9th Cir. 2000)

12      Petitioner argues that under the Ninth Circuit's recent holding in Ma v. Reno, 208 F.3d 815 (9th

13  Cir. 2000), it is clear that the INS has no statutory authority to detain Petitioner beyond the ninety day

14  removal period under 8 U.S.C. § 1231(a).  See Petition at 2.  In Ma v. Reno, the Ninth Circuit held that

15  "the INS lacks authority under the immigration laws, and in particular under 8 U.S.C. § 1231(a)(6),

16  to detain an alien who has entered the United States for more than a reasonable time beyond the

17  statutory period authorized for removal."  Ma, 208 F.3d at 818.  The Ninth Circuit went on to clarify

18  its holding by stating:  "More specifically, in cases like Ma's, in which there is no reasonable likelihood

19  that the alien will be removed in the reasonably foreseeable future, we hold that it may not detain the

20  alien beyond that statutory removal period."  Id.

21      Petitioner argues that Ma's holding is directly applicable to his case because Petitioner is an

22  alien under a final order of deportation to a country that will not provide repatriation documents;

23  Petitioner therefore cannot be removed.  Armenia's refusal to issue Petitioner travel documents reveals

24  that there is "no reasonable likelihood that . . . [the] foreign government [Armenia] will accept the

25  alien's return in the reasonably foreseeable future."  Ma v. Reno, 208 F.3d at 822.  Armenia's refusal

26  to issue travel documents to Petitioner is not due to an administrative delay, a failure which could easily

27  be cured by additional time for processing, or to any other technical barrier which could be overcome

28  in the reasonably foreseeable future.  Armenia's failure to accept Petitioner makes likely that Petitioner

1 will be indefinitely detained since there is "no reasonable likelihood that...[the] foreign government

2 [Armenia] will accept the alien's return in the reasonably foreseeable future." Ma v. Reno, 208 F.3d

3 at 822. Accordingly, because the court finds that in the present case, the INS's detention of Petitioner

4 beyond the statutory removal period where there is "no reasonable likelihood that....[Armenia] will

5 accept [Petitioner's] return in the reasonably foreseeable future" violates 8 U.S.C. § 1231(a)(6), the

6 court grants Petitioner's habeas petition and orders that Petitioner be ordered released from INS

7 custody, subject to the supervisory authority in § 1231(a). See Ma v. Reno, 208 F.3d at 822.

8        Respondent requests that if this court finds that Ma applies in this case, that "the court hold the

9 case in abeyance pending the Supreme Court's adjudication of [the INS's petition for writ of certiorari

10 in Ma.]" Return at 5. The court rejects Respondent's position as untenable. First, Respondent

11 provides no authority, and the court is unaware of any authority that supports this proposition. Second,

12 a petition for certiorari with the Supreme Court does not affect the finality of the Ninth Circuit's

13 judgment unless the Ninth Circuit agrees to stay its own mandate pending the decision on certiorari,

14 or if the Supreme Court grants certiorari, which automatically dissolves the circuit's mandate. See, e.g.,

15 16A WRIGHT & MILLER, FED. PRACT. & PROC. § 3987.1; Ninth Cir. Rule 41-1 (2000). Here,

16 Respondent does not dispute that the Ninth Circuit has not stayed its mandate in the Ma case, nor has

17 the Supreme Court granted certiorari. Finally, as a practical matter, if district courts were free to

18 ignore a court of appeals' decision by waiting for the Supreme Court to rule on a certiorari petition,

19 such a practice would essentially undermine the finality of authority of an appellate court within a given

20 judicial district. The court therefore rejects Respondent's position that this court should await the

21 results of the certiorari petition with the Supreme Court before issuing a decision on Petitioner's habeas

22 petition.

23

24

25

26 ///

27 ///

28 ///

III.    Conclusion

Accordingly, for the reasons herein stated, the court GRANTS Petitioner's petition for a writ of habeas corpus and ORDERS that the INS release Petitioner subject to the supervisory authority in 8 U.S.C. § 1231(a).

IT IS SO ORDERED.

DATED:    8/30/00

JUDGE JUDITH N. KEEP
United States District Court
Southern District of California

CC:    ALL COUNSEL
       MAGISTRATE JUDGE LOUISA S. PORTER

Exhibit 14

CO JUL 26 PH 2: 16

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANSAMONE APHAYAVONG, et al, | CASE NO. 00-CV-0804 |
| Plaintiff, | ORDER GRANTING PETITIONER LAO'S REQUEST TO WITHDRAW AS A NAMED PETITIONER |
| vs. | |
| IMMIGRATION AND NATURALIZATION SERVICE, et al, | ORDER GRANTING WRIT OF HABEAS CORPUS FOR PETITIONER VANG |
| Defendant. | |

   This matter comes before the Court on petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Petitioners are two aliens who seek their release from the custody of the Immigration and Naturalization Service ("INS"). For reasons set forth below, the Court GRANTS Petitioner Bee Lao's request to be removed as a named petitioner and GRANTS the petition for writ of habeas corpus as to Petitioners Pa VANG and orders the INS to remove him or release him from custody forthwith.

## BACKGROUND

   Petitioners are a group of thirty-one foreign nationals subject to an order of final removal from the United States as a result of criminal convictions. (Petition, ¶3). On April 20, 2000, the Petitioners filed a writ of habeas corpus, challenging their continued detention by the INS. This Court has already issued several orders requiring some of the Petitioners. However, due to a dispute over the

1  nationality of Ning En LIAO, Pa VANG and Bee LAO, the Court has informally stayed the
2  proceedings as to these Petitioners pursuant to a request by Petitioners.  Petitioners now submit
3  supplemental briefing regarding the status of these Petitioners.[1]

4

5                                              DISCUSSION

6  I. Jurisdiction and venue

7          The Court has jurisdiction under 28 U.S.C. § 2241(c)(1) and (3).  The Court's jurisdiction is
8  not limited by 8 U.S.C. 1252.  Ma v. Reno, 208 F.3d 815, n.3 (9th Cir. 2000).  The Court has
9  discretion to hear the petition despite failure to exhaust administrative remedies.  Nguyen v. Fasano,
10  84 F.Supp.2d 1099, 2000 WL 144216 (S.D.Cal. 2000)(No. 99-CV-1885-K (CGA).  Venue is proper
11  in this district pursuant to 28 U.S.C. § 2241(d).

12

13  II. Standards

14          Pursuant to 18 U.S.C. § 1231(a), an alien ordered removed must be removed within a 90-day
15  removal period during which the alien must be detained in custody.   The removal period begins when
16  their order of removal becomes final.  § 1231(a)(1)(B).  "[A]liens may not be detained beyond that
17  statutory removal period if there is no reasonable likelihood that their country of origin will permit
18  their return in the reasonably foreseeable future. . . ."  Ma v. Reno, 208 F.3d 815.

19          In Ma, the Ninth Circuit found three categories of aliens whom cannot be removed within the
20  ninety-day removal period.  Id. at 820-821.  First, the court found cases which merely required
21  additional processing time. Id.  Second, the court found cases involving aliens from countries that do
22  not have repatriation agreements with the United States. Id.  Third, the court found cases involving
23  aliens "whose countries refuse to take them for other reasons, and yet others who may be effectively
24  'stateless' because of their race and/or place of birth." Id. at 821. (citing Caranica v. Nagle, 28 F.2d
25  955 (9th Cir. 1928).  Although  Ma  involved a petitioner from a country which does not have a
26  repatriation agreement with the United States, the Ninth Circuit did not expressly limit its holding to
27  cases such as Ma's. The holding of Ma  logically  applies to stateless aliens and those whose countries

28  _____

          [1]The Court will require additional briefing before ruling on the petition of Ning En Liao.

1  refuse to take them for various reasons.

2      In Caranica v. Nagle, the petitioner was "effectively stateless" because he was born in

3  Macedonia, which had been a part of the Turkish Empire at the time of his birth but had subsequently

4  been partitioned and divided amongst several countries. The government planned to remove the

5  petitioner to Greece because petitioner's birthplace had been become part of Greece. Petitioner filed

6  an application for writ of habeas corpus on belief that Greece would not allow him to enter because

7  he was not a Greek citizen. While the court found that the government was within its discretion to

8  determine where the petitioner was to be deported to, it did find that a court could "discharge the

9  appellant from further imprisonment if the government fails to execute the order of deportation within

10  a reasonable time."

11

12  III. Application

13      A. Bee LAO

14      Petitioner Bee Lao has been released and seeks to withdraw as a named petitioner. (Pet'r Ex

15  Parte Supplemental P. & A., (hereinafter, "Supplemental") p. 2).  Petitioner's motion to withdraw

16  is GRANTED.

17

18      B. Pa VANG

19      The INS issued a final order of removal against Pa VANG on September 15, 1999.

20  (Attachment to Return). Petitioner VANG remains in INS custody. Id. On November 12, 1999, the

21  INS issued a request for Acceptance of Alien asking Thailand to accept Vang upon his removal from

22  the United States. (Supplemental, Exhibit 5). On December 6, 1999, a consul for the Royal Thai

23  Consulate General determined that Vang would not be permitted to enter Thailand upon his removal.

24  Id.

25      Petitioner VANG alleges that he is Laotian, but according to INS records, he is Thai. Petitioner

26  argues that although he resided in a refugee camp in Thailand prior to entering the United States, he

27  is not a Thai citizen. Under the Thai Nationality Act, persons born in the Thai Kingdom to alien

28  parents does not acquire Thai nationality if one or both parents were given leniency or special

1 permission to reside temporarily in the Thai Kingdom. (Thai Nationality Act, Chapter 1, § 7,
2 Supplemental, Exhibit 4). Vang asserts that because his parents were Laotian nationals at the time
3 of his birth, he cannot be considered a Thai citizen under Thai law and is therefore Laotian.
4 Respondent has not offered any proof to the contrary.

5 The Court takes judicial notice that the United States does not have a repatriation agreement
6 with Laos. Respondent has not made any showing that Vang is a national of a country that is willing
7 and ready to accept him in the near future but nevertheless requests additional time to effect his
8 removal. The INS has already detained Vang in custody for seven months past the statutory removal
9 period. Whether Vang is stateless, a Thai national, or a Laotian national, there is no reasonable
10 likelihood that his country of origin will permit his return in the reasonably foreseeable future.
11 Pursuant to Ma and Caranica v. Nagle, the Court orders Respondent to remove or release Vang
12 forthwith.

13

14 **D. Conditions of release**

15 Respondent is authorized to set conditions of release for the released Petitioners pursuant to
16 8 C.F.R. § 241.5. and 8 U.S.C. § 1231(a)(3). "[T]he conditions must be the minimum needed to assure
17 availability for deportation. Further the conditions must be reasonable and capable of being modified
18 for the alien to satisfy them." In re: Indefinite Detention Cases, 82 F. Supp. 2d 1098 (C.D. Cal.
19 2000)(No. CV-98-674 TJH (JWJX).

20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

## CONCLUSION

For reasons set forth above, it is **ORDERED** that Bee LAO is withdrawn as a named Petitioner. It is further **ORDERED** that Respondent remove or release Petitioner Vang forthwith. The conditions of release set by Respondent must be reasonable and capable of being achieved by Petitioner.

**IT IS SO ORDERED.**

DATED: Cy 25, 2000

NAPOLEON A. JONES, JR.
United States District Judge

cc: All Parties

Exhibit 15

**Detainee Name**: MAHER, Daniel **Date of Birth**: December 16, 1973 **"A" Number**: 35 945 225

**AKAs**:                                      **BOP Number**:

**Country of Birth**: Macau (Republic of China) **Citizenship**: Portuguese

**Date of Arrival**: July 2, 1977          **Place of Arrival**: San Francisco, CA

**Manner of Arrival**: Immigrant (P-53)     **Last Date into INS Custody**: February 17, 2000

**Entered INS Custody from**:     ☒  **Local, State, or Federal Institution**
                                  ☐  **Other**

**Location**: Centinela State Prison        **Institution Number**: J-50134

**Immigration History**:
Mr. Maher was admitted to the United States on July 2, 1977, at San Francisco, CA., as an immigrant (P-53). On December 20, 1994, Mr. Maher was convicted in the Superior Court of California, County of Santa Clara, for the offense of **Kidnapping, Second Degree Robbery and Possession of a Firearm by a Specified Person**. On February 17, 2000, Mr. Maher was served with a Notice to Appear charging him with deportability pursuant to Section 237(a)(2)(A)(iii), of the Immigration and Nationality Act. On February 24, 2000, the immigration judge denied Mr. Maher's request for a change in custody status. On May 15, 2000, the immigration judge ordered Mr. Maher removed from the United States to Macau. Mr. Maher chose to accept the judge's decision and waived his right to appeal.

**Deportation Officer**: ALLEN, Blake        **Date of Review**: March 29, 2001
                         LUNDGREN, Kent
**Location Detained**: El Centro Service Processing Center
                       1115 N. Imperial Ave.
                       El Centro, CA 92243

**Deportation/Exclusion/Removal Proceedings**
**List all Charges**:     ☒   Section 237(a)(2)(A)(iii)
                          ☐   Section 212
                          ☐   Section 241

☒   Under <u>Final Order</u> dated May 15, 2000 by ☒ IJ ☐ BIA ☐ Other

☒   **Appeal Waived**/Appeal Time Elapsed

**Travel Document Status/History**:
A travel document was requested on May 16, 2000, from the People's Republic of China. A subsequent request for a travel document was sent on June 29, 2000, and to date a response has not been received. On December 26, 2000, assistance on obtaining a travel document was requested through official channels at Headquarters Washington, D.C.

# Legal Representative / Attorney

**G-28 Filed:** ☒ Yes ☐ No

**Notification of Interview Made:** ☒ Yes ☐ N/A by:

**Name of Representative / Attorney:** Jason Ser, Public Defender

**Mailing Address:** 225 Broadway STE 900, San Diego, CA 92101
**Telephone Number:** 619 234 8467

**Present during interview:** ☒ Yes ☐ No

# Criminal History

**Outside the United States:** There is no history of criminal activity outside the United States.

**In the United States:** Mr. Maher's criminal convictions are listed in chronological order.

**NCIC Checks:** ☒ Criminal History Attached ☐ No record Found

On December 20, 1994, in the Superior Court of California, County of Santa Clara, Mr. Maher was convicted of **Kidnapping, Second Degree Robbery and Possession of Firearm by Specified Person,** in violation of Sections 207, 211/212.5(b), and 12021(a)(1), of the California Penal Code. Mr. Maher was sentenced to eleven years and four months in prison.

On December 9, 1992, in the Superior Court of California, County of Santa Clara, Mr. Maher was convicted of **Buy/Sell Possession Vehicle with Altered Number, Alter Change Vehicle Identification Number and Receiving Stolen Property,** in violation of Sections 496, 10750(A), and 10751(A), of the California Penal and Vehicle Code. Mr. Maher was sentenced to two years probation and ninety days in jail.

On November 25, 1992, in the Municipal Court of California, County of San Jose, Mr. Maher was convicted of **False Identification to a Peace Officer,** in violation of Section 148.9, of the California Penal Code. Mr. Maher was sentenced to ten days in jail.

# Institutional / Disciplinary Record

**Did the detainee have prior Disciplinary Reports?** ☐ Yes ☒ No
There is no evidence in the Service file of any disciplinary action taken against Mr. Maher while in state custody.

**Disciplinary Reports and Incidents while in INS Custody?** ☐ Yes ☒ No
There is no evidence in the Service file of any disciplinary action taken against Mr. Maher while in INS custody.

# Specifics of Interview

**Location of Interview:** El Centro

**Interviewing Officer:** #1: ALLEN, Blake
**Interviewing Officer:** #2: LUNDGREN, Kent

**Interpreter Used:**  ☐ Yes    ☒ No    Name:
**Language/Dialect:**

---

**Does the detainee have a place to live in the United States?**    ☒ Yes    ☐ No
With his parents(see letter) : Luis and Helen Maher, 1515C Milpitas/Alviso Road, San Jose, CA
95134 408-946-1409

Or secondarily, with his sister and her husband(see letter):
220 Country Brook Loop
San Ramon, CA 94583
(925) 866-1910

**Is the detainee subject to any parole or probation requirements?**    ☒ Yes    ☐ No
Mr. Maher will be subject to state parole conditions until February 2003.

**Does the detainee have close family ties within the United States?**    ☒ Yes    ☐ No
Mr. Maher's parents are lawful permanent residents and reside in San Jose, CA. He also has a
brother and two sisters residing in the United States.

**Does the detainee have any community ties or non-governmental sponsors?**  ☒ Yes  ☐ No
Mr. Maher presented a letter from Stephen and Karen Hefner(his sister) that states they are
willing to provide him with a residence and assistance in obtaining employment upon release.

**Does the detainee have any employment prospects?**    ☒ Yes    ☐ No
Mr. Maher's previous employer, Stephanie Sa-Togami, has offered him an auto mechanic's
position upon release.
Togami Auto Repair
1018 Almaden Avenue
San Jose, CA 95110
(408) 298-5459

**What is the detainee's employment history?**
Mr. Maher had previously worked as an auto mechanic/shop helper for Togami Auto Repair in
San Jose, CA. He also worked for P.I.A. Meat Cutting and Processing Plant from August 1995 to
January 2000, while in state prison. He also held jobs as fast food cashier, busboy, and
telemarketer.

**What is the detainee's educational level?**
Mr. Maher obtained his high school diploma in 1999, while incarcerated at Mule State Prison
Has completed other courses while in prison, certificates attached.

**Does the detainee have any vocational training?**    ☒ Yes    ☐ No
Mr. Maher completed a pre-vocational program in June 1995, while in state prison.
See letter attached from prison meat-cutting supervisor.

# Medical/Psychological Concerns

**Medical/Psychological Report / Summary:**  ☐ Attached  ☒ None  ☐ Not Available
There is no evidence of any medical problems within Mr. Maher's Service file.

**Other documentary evidence for consideration in this review:**

1. Letters of support
2. Certificates of Completion
3. Conviction Documents
4. Probation Officer's Report

# Discussion at Interview

Mr. Maher discussed his crime openly. He stated that the he was approached by friends to rob some people who were drug dealers. Their auto parts business is just a front for drug dealing. He says that swayed his decision to participate in a robbery, but now he sees that it was foolish. He stated that he was influenced by his peers. He says he has had a long time to think about and regret his crimes.

He discussed his work in the meat operations of the state prison in Ione, CA. He stated that it was a good prison with good programs and he took advantage of them. He said there was not a lot of trouble to get into at that prison.

Maher stated that the auto repair business that he used to work in would like him to return. He will live with his parents, however his sister and husband are also willing to sponsor him.

He stated that he does not want to lose his freedom again.

**The INS detainee was found** ☒ <u>**CREDIBLE**</u> ☐ **NOT CREDIBLE**
Maher gave quick, clear and undeceptive answers to all questions.

## Officer Comments/Analysis & Recommendation

Mr. Maher appears to be a person of above average intelligence, who seemed to have had no trouble in finding work, working hard or in completing his education. It hard to see why he committed the robbery other than being very young and influenced by his peers. He has largely avoided trouble while incarcerated and has in fact worked and studied hard in prison. He has sponsors that are willing and able to help him make it. He is bright and seems committed to living a legitimate and law-abiding life if released. Mr. Maher should be considered for release on an Order of Supervision.

_____     3/29/01
Interviewing Officer #1:                        Date:

_____     3/29/01
Interviewing Officer #2:                        Date:

# DISTRICT DIRECTOR'S CUSTODY DETERMINATION

☐    RELEASE FROM CUSTODY / ORDER OF SUPERVISION

☐    RELEASE FROM CUSTODY / ORDER OF SUPERVISION UNDER BOND

        Bond Amount: _____

☐    CONTINUE IN CUSTODY / SCHEDULE FOR REVIEW IN SIX MONTHS

Comments (attach additional sheet(s) if necessary):

INS District Office: _____

Signature of District Director: _____   Date:_____

---

# HEADQUARTER'S REVIEW OF CONTINUED DETENTION

| Reviewing Officers | Concur | Reconsider | Date |
|---|---|---|---|
| _____ <br> (Name, Title, Signature) | ____ | _____ | ____ |
| _____ <br> (Name, Title, Signature) | ____ | _____ | ____ |
| _____ <br> (Name, Title, Signature) | ____ | _____ | ____ |

For comments, please refer to the "Headquarters Post Order Custody Review" form.

(Final 10/18/99)