








```
AXC    4/20/01    13:53
3:01-CV-00665   MAHER V. INS
*5*
*0.*
```

01 MAR 19 AM 8:30

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MAHER, | CASE NO. 01CV665K RBB |
| Petitioner, | ORDER TO SHOW CAUSE |
| vs. | ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS |
| UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, AND ADELE FASANO, INS DISTRICT DIRECTOR FOR THE SAN DIEGO DISTRICT, | ORDER DENYING THE REQUEST FOR APPOINTMENT OF COUNSEL |
| Respondent. | |

On April 16, 2001, Petitioner, a detainee proceeding pro se, filed a motion pursuant to 28 U.S.C. § 2241 seeking to end his detention. In addition to the petition, Petitioner filed a motion to proceed in forma pauperis and a request for appointment of counsel.

I. **Petition Pursuant to §2241**

On April 16, 2001, Petitioner, a detainee at the I.N.S. Detention Center in El Centro, California proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner alleges that because he cannot be removed to his country of origin, he is being indefinitely detained by the INS, in violation of 8 U.S.C. §1231(a) and Ma v. Reno, 208 F.3d 815 (9th Cir. 2000). Petitioner also claims that his detention violates the United States Constitution and the laws and treaties enacted or entered into by the United States. Based on its habeas jurisdiction under 28 U.S.C. § 2241 and good cause appearing, the Court hereby **GRANTS** petitioner's request for an order to show cause.



## II. Motion to Proceed In Forma Pauperis

Plaintiff has submitted an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

On April 26, 1996, the Prison Litigation Reform Act ["PLRA"] was enacted. See Pub. L. No. 104-134, Title VIII, §§ 801-10, 110 Stat. 1321-66 to 1321-77 (1996). The PLRA made a series of amendments to 28 U.S.C. § 1915, the provision of the Judicial Code governing in forma pauperis proceedings, by imposing additional requirements on prisoners seeking to avoid prepayment of fees in civil actions and in appeals in civil actions. The prisoner must pay the full amount of filing fees by subjecting the prisoner's "trust fund account . . . (or institutional equivalent)," to periodic partial payments. See 28 U.S.C. § 1915(a)(2). The prisoner must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint." Id.

From these certified trust account statements, the Court must assess an initial payment of 20 percent of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. See 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20 percent of the preceding month's income, in any month in which the inmate account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. See 28 U.S.C. § 1915(b)(2).

Petitioner has submitted a Prison Certificate from the San Diego Correctional Facility indicating that he has $0 in his prison account and an unknown average monthly balance for the past six months. Petitioner has also submitted a "Trust Account Withdrawl Authorization." Petitioner does not appear to have any other assets. Having reviewed the declaration submitted, the court GRANTS Plaintiff's application to proceed in forma pauperis and orders that the Clerk of the Court shall file the Plaintiff's complaint without prepayment of the filing fee.

## III. Appointment of Counsel

Petitioner requests that the court appoint counsel for him. In support of his claim petitioner

argues that the legal issues that arise from his petition are complex and that he is likely to succeed on the merits of his petition. Petitioner requests that this court appoint the Federal Defenders of San Diego, Inc. to represent petitioner in this habeas action.

Financially eligible habeas petitioners may obtain representation whenever the court "determines that the interests of justice so require.'" 18 U.S.C. § 3006A(a)(2)(B) (West Supp. 1995); Terrovona v. Kincheloe, 912 F.2d 1176, 1181 (9th Cir. 1990); Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994).

The interests of justice require appointment of counsel when the court conducts an evidentiary hearing on the petition. See Terrovona, 912 F.2d at 1177; Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994); Rule 8(c), 28 U.S.C. foll. § 2254. The appointment of counsel is discretionary when no evidentiary hearing is necessary. See Terrovona, 912 F.2d at 1177; Abdullah, 18 F.3d at 573.

In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." Chaney, 801 F.2d at 1196. The Ninth Circuit has held that in deciding whether appointment of counsel is appropriate the district court should look to "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

In the present case, this court finds that the appointment of counsel is not required. There is a likelihood of success on the merits in this case, however the legal claims involved are not complex. Petitioner argues that under the Ninth Circuit's recent holding in Ma v. Reno, 208 F.3d 815, 2000 WL 358445 (9th Cir. 2000), it is clear that the INS has no statutory authority to detain petitioner beyond the ninety day removal period under 8 U.S.C. § 1231(a). While it is uncertain whether Ma v. Reno compels such a conclusion in petitioner's case, there is a reasonable chance that it does. In Ma v. Reno, the Ninth Circuit held "that Congress did not grant the INS authority to detain indefinitely aliens who, like Ma, have entered the United States and cannot be removed to their native land pursuant to a repatriation agreement" and that "the statute [§ 1231(a)]...provid[es] the INS with authority to detain aliens only for a reasonable time beyond the statutory removal period." Ma v. Reno, 2000 WL 358445,

at *4.

In his Petition for Writ of Habeas Corpus, filed on February 28, 2001, Petitioner argues that "there is no reasonable likelihood that [he] will be released in the reasonably foreseeable future." Petition at 3. While the facts are fairly limited due to the absence of petitioner's access to discovery, the court finds that both petitioner's petition and recent court orders granting these petitions under the authority of Ma v. Reno do show a likelihood of success on the merits. Moreover, the court finds that the petition provided by petitioner indicates that he is entirely capable of framing the relevant issues and providing the relevant facts without the assistance of counsel.

This court, therefore, finds that a appointment of counsel is not required in the present case. The court **DENIES** petitioner's request for appointment of counsel.

\\\
\\\
\\\

## IV. Conclusion

Considering the foregoing, the It is hereby **ORDERED** that the respondent shall show cause why the petition should not be granted:

1. by making a return in writing why the supplemental motion should not be granted;
2. by filing with the court copies of all pertinent filings and orders of the trial and appellate courts relating to this case and the transcript of the relevant proceedings in this case; and
3. by filing with the court a memorandum of law and fact fully stating respondent's position.

It is further **ORDERED** that the filing of the foregoing shall be made no later than May 21, 2001.

It is further **ORDERED** that if petitioner wishes to reply to respondent's return, petitioner must file a traverse no later than June 11, 2001.

It is further **ORDERED** that on the filing of the foregoing, the parties shall await the further order of this court.

The court further **GRANTS** Petitioner's motion to proceed in forma pauperis and **DENIES** Petitioner's request for appointment of counsel.

**IT IS SO ORDERED.**

DATE 4/19/01

JUDGE JUDITH N. KEEP
United States District Court
Southern District of California

CC: ALL COUNSEL AND/OR PARTIES
MAGISTRATE JUDGE RUBEN B. BROOKS

- 5 -

01CV665K RBB