















TKL   5/22/01   7:48

3:01-CV-00665   MAHER V. INS

*6*

*RESP.*

GREGORY A. VEGA
United States Attorney
SAMUEL W. BETTWY
Special Assistant U.S. Attorney
California State Bar No. 094918
ROBERT H. PLAXICO
Assistant U. S. Attorney
California State Bar No. 054953
Office of U.S. Attorney
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7157

Attorneys for Respondents

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DANIEL MAHER | ) | Case No. 01-cv-665K(RBB) |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| I.N.S. et al. | ) | GOVERNMENT'S RETURN TO PETITION |
| | ) | FOR WRIT OF HABEAS CORPUS |
| | ) | |
| Respondents. | ) | |

Petitioner Maher seeks release from the custody of the Immigration and Naturalization Service (INS) in accordance with Ma v. Reno, 208 F.3d 815, 818 (9th Cir. 2000), petition for cert. granted sub nom. Reno v. Ma, 69 U.S.L.W. 3086, 2000 WL 949125 (Oct. 10, 2000, No. 00-38). It is the position of the INS that, pursuant to Ma, further detention of Petitioner is reasonable given his past criminal record. In the alternative, these proceedings should be held in abeyance pending the Supreme Court's imminent decision in Ma.

SWB/RHP:2001V00345

The pertinent facts are substantially as set forth in the Petition. In sum, Petitioner, a citizen of Macau now part of China, is a former lawful permanent resident who has been under a final order of removal since May 15, 2000. The INS has detained Petitioner pursuant to 8 U.S.C. § 1231(a)(6), since February 17, 2000, pending his removal proceedings and, then, pending efforts to remove him from the United States. Ordinarily, an alien subject to a final order of removal must be removed within 90 days after the removal order becomes final. 8 U.S.C. §§ 1231(a)(1), 1231(a)(3). However, under 8 U.S.C. § 1231(a)(6),[1] the INS can continue, beyond the ninety-day removal period, to detain aliens such as Petitioner who are subject to removal for certain serious criminal offenses.

In Ma, the Ninth Circuit held that, where a repatriation agreement has not been concluded with the alien's home country, an alien cannot be held more than ninety days after a final order of removal, but that where, as here, a repatriation agreement has been concluded with the home country, 8 U.S.C. § 1231(a)(6) grants the Attorney General the authority to detain criminal aliens for a "reasonable time" beyond the 90-day removal period to effectuate their removal. Id. at 822. Here as noted in Exhibit A, efforts are being

---

[1]  Section 1231(a)(6) provides:

An alien ordered removed who is inadmissible under section 212 [8 U.S.C. § 1182], removable under section 237(a)(1)(C), 237(a)(2), or 237(a)(4) [8 U.S.C. § 1227(a)(1)(C), (a)(2), or (a)(4)] or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph 3 [8 U.S.C. § 1231(a)(3)].

made to secure travel documents for Petitioner from China. Accordingly, it is not unreasonable to continue to detain him.

At any rate, the Court should hold this case in abeyance pending the Supreme Court's imminent decision in Ma. On October 10, 2000, the United States Supreme Court granted the Government's petition for writ of certiorari in Ma. The Court also granted certiorari in Zadvydas v. Underdown, 185 F.3d 279 (5th Cir. 1999), petition for cert. granted, U.S.L.W., 2000 WL 38879 (October 10, 2000 No. 99-7791). Oral argument in Ma and Zadvydas was held on February 23, 2001, and a decision is expected by June of this year.

The Ninth Circuit's decision in Yong v. INS, 208 F.3d 1116 (9th Cir. 2000), should not control this request for abeyance. Yong held that "the district court abused its discretion by declining to decide Yong's habeas petition, and instead staying his case 'pending resolution of this appeal' in Ma." Id. at 1121. Whereas in Yong, the district court stayed its decision pending final resolution of the Ninth Circuit appeal in Ma, the Government is asking this Court to defer a decision briefly, pending the high court's certain final resolution of the statutory and constitutional issues involved in Ma and Zadvydas. Given the fact that the Supreme Court has decided to hear the issues raised in Ma and Zadvydas, its decision will plainly have a substantial impact on the disposition of the case at bar. It would thus better serve goals of judicial economy and conserve resources for this Court to hold the proceedings in abeyance pending the Supreme Court's decision.

Indeed, the Ninth Circuit has held in abeyance a similar case pending the Ma litigation. See Mofrad v. INS, 99-56845 (9th Cir.). Exhibit B. In Mofrad, the INS prevailed before a court in this

district after setting bond for Mofrad's release.  See  99cv1419-K (S.D. Cal.).  It appears that, although Mofrad has been released on bond, the Ninth Circuit issued its abeyance order before learning of such release.  Other district courts, in view of the imminent Supreme Court decision in Ma, have stayed Ma-related habeas matters.

> A district court has broad discretion to control its docket and to stay proceedings.  Clinton v. Jones, 520 U.S. 681, 707 (1997); United States v. Pend O'Reille County Pub. Util. Dist. No. 1, 135 F.3d 602, 614 (9th Cir. 1998).  In exercising its discretion, the district court must "weigh competing interests and maintain an even balance."  Landis v. N. Am. Co., 299 U.S. 248, 254,255 (1936).  The district court should consider efficient management of its own docket as well as "the fairest course for the parties[.]" Mediterranean Ent. v. Ssangyong Corp., 708 F.2d 1458, 1465 (9th Cir. 1983).
>
> * * * *
>
> The Supreme Court's review of Ma will settle controlling legal issues in these petitions.  This Court's review of these petitions on the eve of the Supreme Court's Ma decision would serve little purpose.  If the Supreme Court reverses, the INS will in all likelihood promptly return Petitioners to custody.  The Court concludes that a three month stay will not unduly burden Petitioners.  The Court will therefore stay these petitioners pending the Supreme Court's decision in Ashcroft v. Ma.

Binh v. INS, Case No. 01-cv-0188W(AJB) (U.S. Dist. Court, S.D. Cal. May 1, 2001) at pages 2, 4,  attached as Exhibit C.  See also, Exhibit D.

/ / /

/ / /

/ / /

01-cv-0471-BTM

## CONCLUSION

The Petition should be denied, because Petitioner's continued detention, beyond the ninety-day removal period, is reasonable. In the alternative, these proceedings should be held in abeyance pending the Supreme Court's imminent decision in <u>Ma</u>.

DATED: May 21, 2001

GREGORY A. VEGA
United States Attorney

SAMUEL W. BETTWY
Special Assistant U.S. Attorney

ROBERT H. PLAXICO
Assistant U.S. Attorney

# POST ORDER CUSTODY REVIEW WORKSHEET FOR FILE REVIEW AND/OR INTERVIEW

**Detainee Name:** MAHER, Daniel **Date of Birth:** December 16, 1973 **"A" Number:** 35 945 225

**AKAs:**                 **BOP Number:**

**Country of Birth:** Macau (Republic of China) **Citizenship:** Portuguese

**Date of Arrival:** July 2, 1977         **Place of Arrival:** San Francisco, CA

**Manner of Arrival:** Immigrant (P-53)      **Last Date into INS Custody:** February 17, 2000

**Entered INS Custody from:**     ☒    **Local, State, or Federal Institution**
                               ☐    **Other**

**Location:** Centinela State Prison       **Institution Number:** J-50134

**Immigration History:**
Mr. Maher was admitted to the United States on July 2, 1977, at San Francisco, CA., as an immigrant (P-53). On December 20, 1994, Mr. Maher was convicted in the Superior Court of California, County of Santa Clara, for the offense of **Kidnapping, Second Degree Robbery and Possession of a Firearm by a Specified Person.** On February 17, 2000, Mr. Maher was served with a Notice to Appear charging him with deportability pursuant to Section 237(a)(2)(A)(iii), of the Immigration and Nationality Act. On February 24, 2000, the immigration judge denied Mr. Maher's request for a change in custody status. On May 15, 2000, the immigration judge ordered Mr. Maher removed from the United States to Macau. Mr. Maher chose to accept the judge's decision and waived his right to appeal.

**Deportation Officer:** ALLEN, Blake        **Date of Review:** March 29, 2001
                       LUNDGREN, Kent
**Location Detained:** El Centro Service Processing Center
                      1115 N. Imperial Ave.
                      El Centro, CA 92243

**Deportation/Exclusion/Removal Proceedings**
**List all Charges:**    ☒    Section 237(a)(2)(A)(iii)
                 ☐    Section 212
                 ☐    Section 241

☒    Under <u>Final Order</u> dated May 15, 2000 by ☒ IJ ☐ BIA ☐ Other

☒    <u>Appeal Waived</u>/Appeal Time Elapsed

**Travel Document Status/History:**
A travel document was requested on May 16, 2000, from the People's Republic of China. A subsequent request for a travel document was sent on June 29, 2000, and to date a response has not been received. On December 26, 2000, assistance on obtaining a travel document was requested through official channels at Headquarters Washington, D.C.

EXHIBIT A

## Legal Representative / Attorney

**G-28 Filed:** ☒ Yes ☐ No

**Notification of Interview Made:** ☒ Yes ☐ N/A by:

**Name of Representative / Attorney:** Jason Ser, Public Defender

**Mailing Address:** 225 Broadway STE 900, San Diego, CA 92101
**Telephone Number:** 619 234 8467

**Present during interview:** ☒ Yes ☐ No

---

## Criminal History

**Outside the United States:** There is no history of criminal activity outside the United States.

**In the United States:** Mr. Maher's criminal convictions are listed in chronological order.

**NCIC Checks:** ☒ Criminal History Attached ☐ No record Found

On December 20, 1994, in the Superior Court of California, County of Santa Clara, Mr. Maher was convicted of **Kidnapping, Second Degree Robbery and Possession of Firearm by Specified Person**, in violation of Sections 207, 211/212.5(b), and 12021(a)(1), of the California Penal Code. Mr. Maher was sentenced to eleven years and four months in prison.

On December 9, 1992, in the Superior Court of California, County of Santa Clara, Mr. Maher was convicted of **Buy/Sell Possession Vehicle with Altered Number, Alter Change Vehicle Identification Number and Receiving Stolen Property**, in violation of Sections 496, 10750(A), and 10751(A), of the California Penal and Vehicle Code. Mr. Maher was sentenced to two years probation and ninety days in jail.

On November 25, 1992, in the Municipal Court of California, County of San Jose, Mr. Maher was convicted of **False Identification to a Peace Officer**, in violation of Section 148.9, of the California Penal Code. Mr. Maher was sentenced to ten days in jail.

---

## Institutional / Disciplinary Record

**Did the detainee have prior Disciplinary Reports?** ☐ Yes ☒ No
There is no evidence in the Service file of any disciplinary action taken against Mr. Maher while in state custody.

**Disciplinary Reports and Incidents while in INS Custody?** ☐ Yes ☒ No
There is no evidence in the Service file of any disciplinary action taken against Mr. Maher while in INS custody.

**Date of File Review:**          ***Date of Detainee Interview:*** March 29, 2001

**Location of Interview:** El Centro

**Interviewing Officer: #1:** ALLEN, Blake
**Interviewing Officer: #2:** LUNDGREN, Kent

**Interpreter Used:**   ☐ Yes   ☒ No      **Name:**
**Language/Dialect:**

**Does the detainee have a place to live in the United States?**   ☒ Yes   ☐ No
With his parents(see letter) : Luis and Helen Maher, 1515C Milpitas/Alviso Road, San Jose, CA
95134 408-946-1409

Or secondarily, with his sister and her husband(see letter):
　　　　　　　　　　　　220 Country Brook Loop
　　　　　　　　　　　　San Ramon, CA 94583
　　　　　　　　　　　　(925) 866-1910

**Is the detainee subject to any parole or probation requirements?**   ☒ Yes   ☐ No
Mr. Maher will be subject to state parole conditions until February 2003.

**Does the detainee have close family ties within the United States?**   ☒ Yes   ☐ No
Mr. Maher's parents are lawful permanent residents and reside in San Jose, CA. He also has a
brother and two sisters residing in the United States.

**Does the detainee have any community ties or non-governmental sponsors?** ☒ Yes ☐ No
Mr. Maher presented a letter from Stephen and Karen Hefner(his sister) that states they are
willing to provide him with a residence and assistance in obtaining employment upon release.

**Does the detainee have any employment prospects?**   ☒ Yes   ☐ No
Mr. Maher's previous employer, Stephanie Sa-Togami, has offered him an auto mechanic's
position upon release.
　　　　　　　　　　Togami Auto Repair
　　　　　　　　　　1018 Almaden Avenue
　　　　　　　　　　San Jose, CA 95110
　　　　　　　　　　(408) 298-5459

**What is the detainee's employment history?**
Mr. Maher had previously worked as an auto mechanic/shop helper for Togami Auto Repair in
San Jose, CA. He also worked for P.I.A. Meat Cutting and Processing Plant from August 1995 to
January 2000, while in state prison. He also held jobs as fast food cashier, busboy, and
telemarketer.

**What is the detainee's educational level?**
Mr. Maher obtained his high school diploma in 1999, while incarcerated at Mule State Prison
Has completed other courses while in prison, certificates attached.

**Does the detainee have any vocational training?**   ☒ Yes   ☐ No
Mr. Maher completed a pre-vocational program in June 1995, while in state prison.
See letter attached from prison meat-cutting supervisor.

# Medical/Psychological Concerns

**Medical/Psychological Report / Summary:** ☐ Attached ☒ None ☐ Not Available
There is no evidence of any medical problems within Mr. Maher's Service file.

**Other documentary evidence for consideration in this review:**

1. Letters of support
2. Certificates of Completion
3. Conviction Documents
4. Probation Officer's Report

# Discussion at Interview

Mr. Maher discussed his crime openly. He stated that the he was approached by friends to rob some people who were drug dealers. Their auto parts business is just a front for drug dealing. He says that swayed his decision to participate in a robbery, but now he sees that it was foolish. He stated that he was influenced by his peers. He says he has had a long time to think about and regret his crimes.

He discussed his work in the meat operations of the state prison in Ione, CA. He stated that it was a good prison with good programs and he took advantage of them. He said there was not a lot of trouble to get into at that prison.

Maher stated that the auto repair business that he used to work in would like him to return. He will live with his parents, however his sister and husband are also willing to sponsor him.

He stated that he does not want to lose his freedom again.

The INS detainee was found ☒ <u>CREDIBLE</u>   ☐ <u>NOT CREDIBLE</u>
Maher gave quick, clear and undeceptive answers to all questions.

## Officer Comments/Analysis & Recommendation

Mr. Maher appears to be a person of above average intelligence, who seemed to have had no trouble in finding work, working hard or in completing his education. It hard to see why he committed the robbery other than being very young and influenced by his peers. He has largely avoided trouble while incarcerated and has in fact worked and studied hard in prison. He has sponsors that are willing and able to help him make it. He is bright and seems committed to living a legitimate and law-abiding life if released. Mr. Maher should be considered for release on an Order of Supervision.

Interviewing Officer #1:                     3/29/01
                                             Date:

Interviewing Officer #2:                     3/29/01
                                             Date:

TONY NIKKHOO MOFRAD,

        Petitioner- Appellant,

    v.

IMMIGRATION AND
NATURALIZATION SERVICE,

        Respondent-Appellee.

No. 99-56845

D.C. No. CV-99-01419-JNK

ORDER

Proceedings in this case shall be held in abeyance pending the Supreme

Court's resolution of *Ma v. Reno*, 208 F.3d 815 (9th Cir. 2000), *cert. granted*, 69

U.S.L.W. 3086 (U.S. Oct. 10, 2000) (No. 00-38). This case is removed from the

Pasadena calendar for November 15, 2000. The order for supplemental briefing

filed on October 10, 2000, is hereby vacated.

FOR THE COURT,

CATHY CATTERSON
CLERK OF COURT

By *Estela Urrutia*
    Deputy Clerk

39-12.2501

EXHIBIT B

EXHIBIT A

**EXHIBIT C**

SWB FILED

01 MAY -1 AM 8:34

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

CALENDAR _____
DOCKETS _____
SECY _____
ATTY _____

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAN BINH et al., <br><br> Petitioners, <br><br> v. <br><br> UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE et al., <br><br> Respondent. | Case No. 01-CV-0188 W (AJB) <br><br> **ORDER STAYING PETITIONS; DISMISSING PETITIONERS SAM CHAYMNAN, LE BOA QUOC, SAETEURN CHIO HIN AND YO TRANG** |

On February 7, 2001 this Court consolidated Petitioners' habeas corpus petitions under 28 U.S.C. § 2241. On March 16, 2001 Respondent Immigration and Naturalization Service ("Respondent" or "INS") brought this motion for a stay pending the Supreme Court's resolution of Ashcroft v. Ma, petition for cert. granted sub nom. Reno v. Ma, 69 U.S.L.W. 3086, 2000 WL 949125 (Oct. 10, 2000, No. 00-38). Respondent also moves for dismissal or denial of certain individual Petitioners' claims. Petitioners timely filed a traverse. All parties are represented by counsel.

//



EXH. C

cv01NRW

EXHIBIT B

## I.  BACKGROUND

Petitioners are all former lawful permanent residents of the United States. Petitioners are all citizens of Cambodia, Laos or Vietnam. With the exception of Petitioner Sam Chaymnan ("Chaymnan"), Respondent has ordered all Petitioners removed from the United States. On February 7, 1997 Chaymnan, a citizen of Cambodia, was convicted of robbery in California. Chaymnan later left the United States. On May 5, 2000 federal agents arrested Chaymnan as he attempted to re-enter the United States from Mexico. The INS classified Chaymnan as an excludable alien, rather than a removable alien.

Cambodia, Laos and Vietnam do not at present accept the return of their citizens from the United States. The United States is currently negotiating repatriation agreements with all three countries. Respondent cannot return Petitioners to their countries until such repatriation agreements take effect. Respondent presently detains Petitioners indefinitely, with the exception of Petitioners Le Boa Quoc, ("Quoc") Saeturn Chio Hin ("Hin") and Yo Trang, a.k.a. Yo Chreng, ("Trang") whom Respondent has released from custody.

## II.  LEGAL STANDARD

A district court has broad discretion to control its docket and to stay proceedings. Clinton v. Jones, 520 U.S. 681, 707 (1997); United States v. Pend Oreille County Pub. Util. Dist. No. 1, 135 F.3d 602, 614 (9th Cir.1998). In exercising its discretion, the district court must "weigh competing interests and maintain an even balance." Landis v. N. Am. Co., 299 U.S. 248, 254-255 (1936). The district court should consider efficient management of its own docket as well as "the fairest course for the parties[.]" Mediterranean Ent. v. Ssangyong Corp., 708 F.2d 1458, 1465 (9th Cir. 1983).

//
//

01cv0188W

# III. ANALYSIS

## A. STAY OF PROCEEDINGS

Petitioners seek habeas corpus relief pursuant to Ma. v. Reno, 208 F.3d 815 (9th Cir. 2000), petition for cert. granted sub nom. Reno v. Ma, 69 U.S.L.W. 3086, 2000 WL 949125 (Oct. 10, 2000, No. 00-38). In Ma, the Ninth Circuit held that pursuant to 8 U.S.C. § 1231(a)(6) "[i]n cases in which an alien has already entered the United States and there is no reasonable likelihood that a foreign government will accept the alien's return in the reasonably foreseeable future, ... the statute does not permit the Attorney General to hold the alien beyond the [90 day] statutory removal period." Id. at 822. The Ninth Circuit found "the most plausible reading" of Section 1231(a)(6) implies a reasonable time restriction on detention of removable aliens. See id. at 827. The Ma panel concluded that "where it is reasonably likely that an alien . . . cannot be removed in the reasonably foreseeable future, detention beyond the removal period is not justified." Id. at 830-31.

On October 10, 2000 the Supreme Court granted certiorari in Ma. On February 23, 2001 the Supreme Court heard oral arguments. The Supreme Court will likely render its decision in the very near future.

The parties agree that Ma controls here. Respondent asks this Court to stay these petitions pending the Supreme Court's decision. Petitioners counter that this Court should not grant a stay in that Ma is dispositive of these petitions. Petitioners rely on Yong v. Immigration and Naturalization Serv., 208 F.3d 1116 (9th Cir. 2000), which found that a district court abused its discretion in staying a removable alien's habeas corpus petition pending the Ninth Circuit's panel decision in Ma. In Yong, the Ninth Circuit held that in habeas corpus proceedings, conservation of judicial resources, while an appropriate consideration, cannot justify an indefinite stay which will likely remain in effect for years. See id. at 1120-1121.

Considering the holding in Yong, this Court concludes that a limited stay is warranted here. In Yong, the district court enacted a stay which potentially could

have lasted for years, enduring through a panel decision and possibly en banc rehearing, Supreme Court review and remands. See id. at 1119. In contrast here, the Supreme Court is likely to render its decision within the next few months. Additionally, the stay in Yong lasted until "resolution of the appeal in Ma." Id. at 1118. Here, however, the Court will place a time limit on the stay, allowing it to remain in effect for no more than three months.[1]

Yong acknowledged that conservation of judicial resources is an appropriate ground for a stay, when a petitioner is not unduly burdened. See id. at 1120-1121. The Supreme Court's review of Ma will settle controlling legal issues in these petitions. This Court's review of these petitions on the eve of the Supreme Court's Ma decision would serve little purpose. If the Supreme Court reverses, the INS will in all likelihood promptly return Petitioners to custody. The Court concludes that a three month stay will not unduly burden Petitioners. The Court will therefore stay these petitions pending the Supreme Court's decision in Ashcroft v. Ma. If the Supreme Court has not rendered a decision by July 31, 2001, this Court will address these petitions under existing Ninth Circuit law.

### B. MOOTNESS

Respondent argues that the petitions of Quoc, Hin and Trang should be dismissed as moot. Respondent has released all three petitioners from custody. Petitioners urge the Court to apply the voluntary cessation exception to the mootness doctrine. The Ninth Circuit has made clear that the voluntary cessation exception applies to an alien's habeas corpus petition only if the INS voluntarily ceased its conduct *because of* the habeas litigation. See Sze v. Immigration and Naturalization Serv., 153 F.3d 1005, 1008 (9th Cir. 1998). An alien may not establish voluntary cessation merely by showing a temporal correlation between his petition

---

[1]     Respondent points out that the Ninth Circuit has itself imposed much a longer stay in Mofrad v. Immigration and Naturalization Serv., No. 99-56845 (October 13, 2000) (holding appeal in abeyance pending Supreme Court decision in Ma).

1 and his release. See id. Rather, the alien must present evidence of a causal connection
2 between the litigation and the INS's actions. See id.

3     Petitioners Quoc, Hin and Trang present no such evidence of a causal
4 connection in this case. Respondent released Petitioners Quoc and Hin after
5 standard 90 day reviews. (Resp't's Exs. J & K.) Absent evidence suggesting that the
6 petitions here influenced the INS's decision to release Quoc and Hin, their petitions
7 are now moot. Respondent released Petitioner Trang pursuant to a court order
8 granting another habeas corpus petition which he filed. See Chreng v. Immigration
9 and Naturalization Serv., No. 00-CV-2388 (S.D. Cal. February 16, 2001) (Gonzalez,
10 J.). It is therefore clear that Respondent did not voluntarily release Trang, but only
11 in response to a court order. The voluntary cessation exception clearly cannot apply
12 to Trang's petition, and that petition is likewise moot.

13     The Court therefore concludes that Petitioners Quoc, Hin and Trang should
14 be dismissed from this litigation based on their release from INS custody.

15         C.   PETITIONER CHAYMNAN

16     Petitioner Chaymnan is an excludable alien.[2] This Court's February 7, 2001
17 Order Consolidating Action instructed "Petitioners may *not* argue any unique facts
18 or circumstances that may only apply to a small number of Petitioners." (Doc. No.
19 5 at 3:3-4) (emphasis in original). The Court also instructed any petitioner facing
20 unique facts or issues to request voluntary dismissal without prejudice. (Id. at 3:4-8.)

21     The Ninth Circuit's holding in Ma applied specifically to removable aliens.
22 Chaymnan's petition now raises facts and issues substantially different from those of
23 the other Petitioners. This Court should not consider an *excludable* alien's petition

24

25      [2]    When Petitioners filed their traverse, Petitioners' appointed counsel had not
26 received Chaymnan's conviction records. Counsel indicates that, upon review of
27 Chaymnan's conviction records, he may be able to argue that Chaymnan is in fact a
removable alien and not an excludable aliens. Should Chaymnan wish to raise such an
28 argument upon refiling his petition, the Court notes that nothing in these consolidated
petitions should be interpreted as previous litigation of Chaymnan's immigration status.

in a consolidated action involving *removable* aliens. Accordingly, the Court will dismiss Chaymnan's petition without prejudice to his filing a new petition. The Court dismisses Chaymnan's petition on the sole ground that, on the facts presented, his petition is inappropriate for consideration with the other consolidated petitions. This dismissal does not in any way prevent Chaymnan from re-litigating issues presented here to any other federal district court.

IV.  CONCLUSION AND ORDER

In light of the foregoing, the Court DISMISSES the petitions of Petitioners Saeteurn Chio Hin, Le Boa Quoc and Yo Trang, a.k.a. Yo Chreng as moot. The Court further DISMISSES Petitioner Sam Chaymnan's petition without prejudice and with leave to file a new petition.

As to all remaining Petitioners, the Court STAYS this litigation pending the Supreme Court's final decision in Ashcroft v. Ma. Within ten court days of the Supreme Court rendering the Ma decision, Respondent shall file a responsive pleading informing this Court of the Supreme Court's holding and discussing its implication on these petitions. Absent a ruling on Ma the Court's stay will automatically lift on August 1, 2001.

IT IS SO ORDERED.

DATE: April 30, 2001

_____
Hon. THOMAS J. WHELAN
United States District Court
Southern District of California

CC:  ALL PARTIES

-6-

01cv01KRW



U.S. District Court
Southern District of California
880 Front Street, Room 4290
San Diego, CA 92101-8900

FAX-IN-TIME   NOTICE:
This fax is an official communication of the
U.S. District Court for the Southern District
of California. Please be aware that these are
the only copies of these documents that you
will receive unless specifically requested.

---

To: U S Attorney CV

From: Clerk U.S. District Court

Date 05/02/01

Page 1 of 7

---

Fax queued: 05/02/01 at 09:03:09                    CASE: 01188-CV #00008

CONFIDENTAL
Any questions about missing pages or unreadable copy, please call (619)
557-7667. The information contained in this facsimile message is attorney
privileged and confidential. It is intended only for the use of the
individual or entity named above. If the reader of this message is not the
intended recipient, or the employee or agent responsible to deliver it to
the intended recipient, you are hereby notified that any dissemination,
distribution or copying is strictly prohibited. If you have received this
communication in error, please call us immediately. Thank you.

IMAGES OF CASE FILINGS NOW AVAILABLE ON THE INTERNET!

Web PACER provides users with browser access to dockets and scanned images
of filed documents without leaving the comfort of their office/home.
Document copies can now be obtained more quickly and without making a trip
to the Clerk's Office.  Users with a PACER account can visit
http://pacer.casd.uscourts.gov/index.php via user i.d. and password for
immediate Web PACER access to the Southern District of CA's docket and case
filings.  Links to other courts' Web PACER sites can be found at
http://pacer.psc.uscourts.gov/cgi-bin/links.pl.  An access fee of $.07 per
page viewed will be assessed.  The $.60 per minute fee will not apply while
accessing Web PACER.  Those interested in establishing a PACER account can
contact the PACER Service Center at (800) 676-6856 or register on line at
www.pacer.psc.uscourts.gov.

Mail & fax related issues, such as incomplete or illegible pages, should be
directed to
(619)557-7667.





2000CV02598
BUA08

FILED
CLERK, U.S. DISTRICT COURT

JAN 26 2001

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Priority
Send ✓
Enter ____
Closed ____
JS-5/JS-6 ____
JS-2/JS-3 ____
Scan Only ____

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

FELIX JUAN INSUA DIAZ,

        Petitioner,

    v.

IMMIGRATION AND
NATURALIZATION SERVICE, et al.,

        Respondents.

NO. CV 00-10155-TJH (MAN)

ORDER STAYING PROCEEDINGS

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records herein, the Report and Recommendation of United States Magistrate Judge, and the Government's Objections.

The Court notes that, in its Objections, the Government requests that this action be stayed pending the Supreme Court's resolution of the appeal of the Ninth Circuit's decision in Ma v. Reno, 208 F.3d 815 (9th Cir.), cert. granted, ___ U.S. ___, 121 S. Ct. 297 (2000). As the Government notes, oral argument on the Ma appeal is scheduled for February 21, 2001. Thus, the Supreme Court's decision on Ma and its companion case likely will be rendered this term.

In Yong v. INS, 208 F.3d 1116 (9th Cir. 2000), the Ninth Circuit found that a district court had abused its discretion in staying a indefinite detainee's habeas proceeding while the Ninth Circuit considered

18

Exhibit G

EXH. D

the Ma case. The Court noted that, "once a federal circuit court issues a decision, the district courts within that circuit are bound to follow it and have no authority to await a ruling by the Supreme Court before applying the circuit court's decision as binding authority," absent a stay of mandate issued by the Supreme Court or the Ninth Circuit. Id. at 1119 n.2. The Court concluded that the term of the stay which had issued was "indefinite" because it terminated only upon the "resolution of the Ma appeal" and, thus, might last "for years." Id. at 1119-1120. The Court recognized, however, that short stays in habeas cases may be appropriate while awaiting determination of a pending case which might resolve a common issue. Id. at 1120.

Here, the stay requested differs from that in Yong in that its duration will be relatively brief, i.e. the several month period while the parties await the Supreme Court's decision in Ma. Moreover, the Court notes that, in connection with indefinite detention cases pending in this District and elsewhere, the Ninth Circuit recently has issued stay orders, directing that the indefinite detention actions be held in abeyance pending the Supreme Court's resolution of Ma. (See Objections, Exs. 1 and 4.)

Accordingly, the Court has concluded that a stay is warranted in this case. IT IS ORDERED that proceedings in this case shall be held in abeyance pending the issuance of the Supreme Court's decision in Ma. The parties are ordered to file with the Magistrate Judge, within fifteen days of the Supreme Court's decision in Ma, status reports and, as appropriate, motions seeking such relief as is warranted by the Supreme Court's decision in Ma.

IT IS SO ORDERED.

DATED _____ 1/25 , 2001.


TERRY J. HATTER
UNITED STATES DISTRICT JUDGE

2

PRESENTED BY:

MARGARET A. NAGLE

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

3

| | | |
|---|---|---|
| DANIEL MAHER, | ) | Civil No. 01cv0665-K(RBB) |
| Petitioner, | ) | |
| v. | ) | CERTIFICATE OF SERVICE BY MAIL |
| IMMIGRATION AND NATURALIZATION SERVICE, et al., | ) | |
| Respondent. | ) | |

STATE OF CALIFORNIA ) ss.
COUNTY OF SAN DIEGO )

IT IS HEREBY CERTIFIED that:

I, Cynthia A. Melin-Schwartz, am a citizen of the United States over the age of eighteen years and a resident of San Diego County, California; my business address is 880 Front Street, San Diego, California; I am not a party to the above-entitled action; and

On **May 21, 2001** I deposited in the United States Mail at San Diego, California, in the above-entitled action, in an envelope bearing the requisite postage, a copy of the following:

**Government's Return to Petition for Writ of Habeas Corpus**

addressed to the attorney of record,

**Daniel Maher, Pro Se**
**A# 35-945-225**
**INS Detention Facility**
**1115 North Imperial Avenue**
**El Centro, CA 92243**

the last known address at which place there is delivery service of mail from the United States Postal Service. I declare under penalty of perjury that the foregoing is true and correct.

Executed on this **21st** Day of **May** **2001**.

CYNTHIA A. MELIN-SCHWARTZ

01cv0665