








TKL    5/24/01    8:20
3:01-CV-00665    MAHER V. INS
*8*
*DECL.*

1  DANIEL MAHER
   A35-945-225
2  INS Detention Facility
   1115 North Imperial Avenue
3  El Centro, California 92243

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HON. JUDITH N. KEEP)

| DANIEL MAHER, | Case No. 01-cv-0665-K (RBB) |
|---|---|
| Petitioners, | |
| v. | DECLARATION OF JASON I. SER IN SUPPORT OF PETITIONER'S TRAVERSE; EXHIBITS |
| UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, AND ADELE FASANO, INS DISTRICT DIRECTOR FOR THE SAN DIEGO DISTRICT, | |
| Respondents. | |

I, Jason I. Ser, declare:

1. I have spoken and corresponded repeatedly with the above named Petitioner prior to and during the course of habeas proceedings before this Court.

2. Petitioner has provided me with INS documents currently in his possession.

3. Respondents have not yet disclosed Petitioner's A-File to me pursuant to a valid request.

4. I am making this declaration on the basis of information provided to me by Petitioner.

5. Petitioner is a native and citizen of Macau, which is now part of China. See Post Order Custody Review Worksheet for File Review and/or Interview (Attached hereto as Exhibit 1).

6. Respondents issued a Notice to Appear charging Petitioner with deportability on February 17, 000. See id.

7. Petitioner entered INS custody on February 17, 2000. Id.

8.  An immigration judge ordered Petitioner deported to Macao on May 15, 2000. Id.

9.  Petitioner waived appeal of that order. Id.

10. Petitioner's order of removal was administratively final on May 15, 2000. See 8 C.F.R. § 241.1(b).

11. Respondents requested travel documents from the government of China on May, 16, 2000. Id.

12. Respondents forwarded a second request for travel documents to the government of China on June 29, 2000. Id.

13. Respondents' admit that the government of China has not responded to their requests for travel documents. Id.

14. The ninety day statutory removal period under 8 U.S.C. § 1231(a)(3) expired on or about August 15, 2000. 8 U.S.C. § 1231(a)(3).

15. On December 21, 2000, the INS implemented new rules and regulations regarding the detention of aliens ordered removed from the United States, which amended Part 241 of Title 8 of the Code of Federal Regulations. See 65 FR 80281.

16. According to amended 8 C.F.R. § 241.4, subsection (g), entitled travel documents and docket control for aliens continued in detention beyond the removal period:

> The district director shall continue to undertake appropriate steps to secure travel documents for the alien both before and after the expiration of the removal period. If the district director is unable to secure travel documents within the removal period, he or she shall apply for assistance from Headquarters Detention and Deportation, Office of Field Operations. The district director shall promptly advise the HQPDU Director when travel documents are obtained for an alien whose custody is subject to review by the HQPDU. The Service's determination that receipt of a travel document is likely may by itself warrant continuation of detention pending the removal of the alien from the United States.

8 C.F.R. § 241.4(g) (2000) (emphasis added).

17. Respondents conducted a post-order custody review of Petitioner's detention pursuant to 8 C.F.R. § 241.4 on March 29, 2001. See Exhibit 1.

18. Respondents completed custody review worksheets, subsequent to Petitioner's custody review, regarding Petitioner's detention status on March 29, 2001. Id.

19. The INS deportation officers who completed the custody review worksheet

documents provided a synopsis of Respondents' efforts and abilities to obtain a travel document to effectuate Petitioner's repatriation to China. Id.

20. That synopsis reads as follows:

> A travel document was requested on May 16, 2000, from the People's Republic of China. A subsequent request for a travel document was sent on June 29, 2000, and to date a response has not been received. On December 26, 2000, assistance on obtaining a travel document was requested through official channels at Headquarters Washington, D.C.

Id.

21. Respondents still have not obtained a travel document to effectuate Petitioner's repatriation to China.

22. INS Headquarters Washington, D.C. ordered Petitioner continued in custody despite the reviewing officers' recommendations for release. See HQPDU Panel Recommendations (Attached hereto as Exhibit 2).

I declare under penalty of perjury that the foregoing is true and correct, executed on May 23, 2001, in San Diego, California.

_____
Jason I. Ser

Exhibit 1

**Detainee Name:** MAHER, Daniel **Date of Birth:** December 16, 1973 **"A" Number:** 35 945 225

**AKAs:** **BOP Number:**

**Country of Birth:** Macau (Republic of China) **Citizenship:** Portuguese

**Date of Arrival:** July 2, 1977   **Place of Arrival:** San Francisco, CA

**Manner of Arrival:** Immigrant (P-53)   **Last Date into INS Custody:** February 17, 2000

**Entered INS Custody from:**   ☒ Local, State, or Federal Institution
☐ Other

**Location:** Centinela State Prison   **Institution Number:** J-50134

**Immigration History:**
Mr. Maher was admitted to the United States on July 2, 1977, at San Francisco, CA., as an immigrant (P-53). On December 20, 1994, Mr. Maher was convicted in the Superior Court of California, County of Santa Clara, for the offense of **Kidnapping, Second Degree Robbery and Possession of a Firearm by a Specified Person**. On February 17, 2000, Mr. Maher was served with a Notice to Appear charging him with deportability pursuant to Section 237(a)(2)(A)(iii), of the Immigration and Nationality Act. On February 24, 2000, the immigration judge denied Mr. Maher's request for a change in custody status. On May 15, 2000, the immigration judge ordered Mr. Maher removed from the United States to Macau. Mr. Maher chose to accept the judge's decision and waived his right to appeal.

**Deportation Officer:** ALLEN, Blake   **Date of Review:** March 29, 2001
LUNDGREN, Kent
**Location Detained:** El Centro Service Processing Center
1115 N. Imperial Ave.
El Centro, CA 92243

**Deportation/Exclusion/Removal Proceedings**
**List all Charges:**   ☒ Section 237(a)(2)(A)(iii)
☐ Section 212
☐ Section 241

☒ Under <u>Final Order</u> dated May 15, 2000 by ☒ IJ ☐ BIA ☐ Other

☒ <u>Appeal Waived</u>/Appeal Time Elapsed

**Travel Document Status/History:**
A travel document was requested on May 16, 2000, from the People's Republic of China. A subsequent request for a travel document was sent on June 29, 2000, and to date a response has not been received. On December 26, 2000, assistance on obtaining a travel document was requested through official channels at Headquarters Washington, D.C.

## Legal Representative / Attorney

**G-28 Filed:** ☒ Yes ☐ No

**Notification of Interview Made:** ☒ Yes ☐ N/A by:

**Name of Representative / Attorney:** Jason Ser, Public Defender

**Mailing Address:** 225 Broadway STE 900, San Diego, CA 92101
**Telephone Number:** 619 234 8467

**Present during interview:** ☒ Yes ☐ No

## Criminal History

**Outside the United States:** There is no history of criminal activity outside the United States.

**In the United States:** Mr. Maher's criminal convictions are listed in chronological order.

**NCIC Checks:** ☒ Criminal History Attached ☐ No record Found

On December 20, 1994, in the Superior Court of California, County of Santa Clara, Mr. Maher was convicted of **Kidnapping, Second Degree Robbery and Possession of Firearm by Specified Person,** in violation of Sections 207, 211/212.5(b), and 12021(a)(1), of the California Penal Code. Mr. Maher was sentenced to eleven years and four months in prison.

On December 9, 1992, in the Superior Court of California, County of Santa Clara, Mr. Maher was convicted of **Buy/Sell Possession Vehicle with Altered Number, Alter Change Vehicle Identification Number and Receiving Stolen Property,** in violation of Sections 496, 10750(A), and 10751(A), of the California Penal and Vehicle Code. Mr. Maher was sentenced to two years probation and ninety days in jail.

On November 25, 1992, in the Municipal Court of California, County of San Jose, Mr. Maher was convicted of **False Identification to a Peace Officer,** in violation of Section 148.9, of the California Penal Code. Mr. Maher was sentenced to ten days in jail.

## Institutional / Disciplinary Record

**Did the detainee have prior Disciplinary Reports?** ☐ Yes ☒ No
There is no evidence in the Service file of any disciplinary action taken against Mr. Maher while in state custody.

**Disciplinary Reports and Incidents while in INS Custody?** ☐ Yes ☒ No
There is no evidence in the Service file of any disciplinary action taken against Mr. Maher while in INS custody.

## Specifics of Interview

**Date of File Review:**  **Date of Detainee Interview:** March 29, 2001

**Location of Interview:** El Centro

**Interviewing Officer:** #1: ALLEN, Blake
**Interviewing Officer:** #2: LUNDGREN, Kent

**Interpreter Used:** ☐ Yes  ☒ No  **Name:**
**Language/Dialect:**

**Does the detainee have a place to live in the United States?** ☒ Yes ☐ No
With his parents(see letter) : Luis and Helen Maher, 1515C Milpitas/Alviso Road, San Jose, CA 95134 408-946-1409

Or secondarily, with his sister and her husband(see letter):
> 220 Country Brook Loop
> San Ramon, CA 94583
> (925) 866-1910

**Is the detainee subject to any parole or probation requirements?** ☒ Yes ☐ No
Mr. Maher will be subject to state parole conditions until February 2003.

**Does the detainee have close family ties within the United States?** ☒ Yes ☐ No
Mr. Maher's parents are lawful permanent residents and reside in San Jose, CA. He also has a brother and two sisters residing in the United States.

**Does the detainee have any community ties or non-governmental sponsors?** ☒ Yes ☐ No
Mr. Maher presented a letter from Stephen and Karen Hefner(his sister) that states they are willing to provide him with a residence and assistance in obtaining employment upon release.

**Does the detainee have any employment prospects?** ☒ Yes ☐ No
Mr. Maher's previous employer, Stephanie Sa-Togami, has offered him an auto mechanic's position upon release.
> Togami Auto Repair
> 1018 Almaden Avenue
> San Jose, CA 95110
> (408) 298-5459

**What is the detainee's employment history?**
Mr. Maher had previously worked as an auto mechanic/shop helper for Togami Auto Repair in San Jose, CA. He also worked for P.I.A. Meat Cutting and Processing Plant from August 1995 to January 2000, while in state prison. He also held jobs as fast food cashier, busboy, and telemarketer.

**What is the detainee's educational level?**
Mr. Maher obtained his high school diploma in 1999, while incarcerated at Mule State Prison
 Has completed other courses while in prison, certificates attached.

**Does the detainee have any vocational training?** ☒ Yes ☐ No
Mr. Maher completed a pre-vocational program in June 1995, while in state prison.
See letter attached from prison meat-cutting supervisor.

## Medical/Psychological Concerns

**Medical/Psychological Report / Summary:**  ☐ Attached  ☒ None  ☐ Not Available
There is no evidence of any medical problems within Mr. Maher's Service file.

---

**Other documentary evidence for consideration in this review:**

1. Letters of support
2. Certificates of Completion
3. Conviction Documents
4. Probation Officer's Report

---

## Discussion at Interview

Mr. Maher discussed his crime openly. He stated that the he was approached by friends to rob some people who were drug dealers. Their auto parts business is just a front for drug dealing. He says that swayed his decision to participate in a robbery, but now he sees that it was foolish. He stated that he was influenced by his peers. He says he has had a long time to think about and regret his crimes.

He discussed his work in the meat operations of the state prison in Ione, CA. He stated that it was a good prison with good programs and he took advantage of them. He said there was not a lot of trouble to get into at that prison.

Maher stated that the auto repair business that he used to work in would like him to return. He will live with his parents, however his sister and husband are also willing to sponsor him.

He stated that he does not want to lose his freedom again.

| The INS detainee was found | ☒ **CREDIBLE** | ☐ **NOT CREDIBLE** |

Maher gave quick, clear and undeceptive answers to all questions.

## Officer Comments/Analysis & Recommendation

Mr. Maher appears to be a person of above average intelligence, who seemed to have had no trouble in finding work, working hard or in completing his education. It hard to see why he committed the robbery other than being very young and influenced by his peers. He has largely avoided trouble while incarcerated and has in fact worked and studied hard in prison. He has sponsors that are willing and able to help him make it. He is bright and seems committed to living a legitimate and law-abiding life if released. Mr. Maher should be considered for release on an Order of Supervision.

_____  3/29/01
Interviewing Officer #1:     Date:

_____  3/29/01
Interviewing Officer #2:     Date:

# DISTRICT DIRECTOR'S CUSTODY DETERMINATION

☐ RELEASE FROM CUSTODY / ORDER OF SUPERVISION

☐ RELEASE FROM CUSTODY / ORDER OF SUPERVISION UNDER BOND

    Bond Amount: _____

☐ CONTINUE IN CUSTODY / SCHEDULE FOR REVIEW IN SIX MONTHS

Comments (attach additional sheet(s) if necessary):


INS District Office: _____

Signature of District Director: _____ Date: _____

---

# HEADQUARTER'S REVIEW OF CONTINUED DETENTION

| Reviewing Officers | Concur | Reconsider | Date |
|---|---|---|---|
| _____ (Name, Title, Signature) | _____ | _____ | _____ |
| _____ (Name, Title, Signature) | _____ | _____ | _____ |
| _____ (Name, Title, Signature) | _____ | _____ | _____ |

For comments, please refer to the "Headquarters Post Order Custody Review" form.

(Final 10/18/99)

Exhibit 2

## HQPDU Panel Recommendations

| A Number | Name | DCO | Panel Date | Recom | HQPDU |
|---|---|---|---|---|---|
| A27 762 202 | Doan | ECC | 03/27-04/02 | Release | Release ✓ |
| A24 107 419 | Saadati | ECC | " | Release | Release ✓ |
| A71 889 447 | Zaiya | ECC | " | Release | Release |
| A25 016 189 | Nguyen | ECC | " | Release | Release ✓ |
| A25 386 863 | Dinh | ECC | " | Detain | Detain ✓ |
| A23 876 942 | Tran | ECC | " | Release | Release ✓ |
| A23 880 092 | Xiong | ECC | " | Detain | Detain |
| A27 326 816 | Sork | ECC | " | Detain | Detain |
| A27 379 937 | Nguyen | ECC | " | Release | Release ✓ |
| A27 834 740 | Vu | ECC | " | Release | Release ✓ |
| A27 354 003 | Vu | ECC | " | Detain | Detain |
| A35 945 225 | Maher | ECC | " | Release | Detain |
| A25 180 454 | Nguyen | ECC | " | Detain | Detain |
| A37 627 789 | Dinh | ECC | " | Detain | Detain |
| A28 551 467 | Lam | ECC | " | Detain | Detain |
| A19 094 647 | Tejera | ECC | " | Detain | Detain |
| A25 281 653 | Xayamphone | ECC | " | Detain | Detain |
| A25 316 137 | Sayavong | ECC | " | Detain | Detain |
| A38 141 980 | Liu | ECC | " | Detain | Detain |
| A23 749 458 | Nguyen | SND | " | Detain | Release |
| A25 402 961 | Nguyen | SND | " | Release | Release |
| A26 856 687 | Lee | SND | " | Detain | Detain |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAHER,<br><br>      Petitioners,<br><br>v.<br><br>IMMIGRATION AND NATURALIZATION SERVICE, et. al.,<br><br>      Respondents. | Case No. 01-cv-0665-K<br><br>PROOF OF SERVICE |

I, the undersigned, say:

1) That I am over eighteen years of age, a resident of the County of San Diego, State of California, and not a party in the within action;

2) That my business address is 225 Broadway, Suite 900, San Diego, California, 92101;

3) That I served the within TRAVERSE; DECLARATION OF JASON I. SER AND EXHIBITS by placing a true copy of the above-mentioned document in the United States mail on May 23, 2001, to:

    Samuel Bettwy
    Special Assistant U.S. Attorney
    880 Front Street Room 6293
    San Diego, CA 92101-8893

I certify under the laws of the State of California that the foregoing is true and correct. Executed on 23 May 2001 at San Diego, California.

_____
SYLVIA FREEMAN