















```
TKL    6/28/01    7:36
3:01-CV-00665   MAHER V. INS
*9*
*O.*
```



# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MAHER, | CASE NO. 01CV665K RBB |
| Plaintiff, | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |
| vs. | |
| IMMIGRATION AND NATURALIZATION SERVICE, | |
| Defendant. | |

On April 16, 2001, Petitioner Daniel Maher, a pro se petitioner, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Immigration and Naturalization Service (INS) filed a return on May 21, 2001, and Petitioner filed a traverse on May 23, 2001.

I. **Background**

The following limited facts are taken from the parties' papers and exhibits.

According to the record before the court, Petitioner is currently being held by the INS pursuant to the provisions of the Illegal Immigrant Reform and Immigration Responsibility Act of 1996 ("IIRIRA"), 8 U.S.C. § 1231(a)(6). Petitioner is a native and citizen of Macau (now China) who became a lawful permanent resident of the United States at some point before his detention. See Petition at 2 ("Petitioner is a long-time lawful permanent resident of the United States."). Petitioner has been in INS custody since February 17, 2000. His order of removal became final on May 15, 2000. The INS requested removal documents from China at that time. His removal period ended on or about August 21, 2000. China has not responded to the INS's request for documentation. On April

- 1 -

01CV665K RBB

16, 2001, Petitioner filed the instant Petition for writ of habeas corpus.

## II.   Discussion

In his Petition, Petitioner asserts the following grounds for relief: (1) the INS's continued detention of Petitioner violates § 1231(a)(6) because there is "no reasonable likelihood that the alien will be removed in the reasonably foreseeable future (citing Ma v. Reno, 208 F.3d 815 (9th Cir. 2000))"; (2) the INS's detention of Petitioner violates his Fifth Amendment rights to substantive and procedural due process; (3) the substantive provisions of AEDPA and IIRIRA that govern the detention of Petitioner may not be given retroactive effect; (4) Petitioner's detention is unconstitutional because it amounts to punishment without being afforded basic constitutional criminal procedure protections, and also violates double jeopardy and ex post facto clauses of the Constitution; and (5) Petitioner's detention is unconstitutional because Petitioner is not a flight risk and does not present a danger to society. Pet. at 4-5.

Because the court finds that Petitioner is entitled to relief based on the Ninth Circuit's holding in Ma v. Reno, 208 F.3d 815 (9th Cir. 2000), the court does not reach the merits of Petitioner's constitutional claims. See id. at 827 ("As we may avoid doing so [answering the constitutional question] by giving the statute a construction that does not require us to undertake any constitutional inquiry, we follow that course here."); see also Debartolo Corp v. Florida Gulf Coast Bldg. & Constr. Trades Council, 485 U.S. 568 (1988) (courts should interpret statutes in a manner that avoids substantial constitutional questions). Thus, the court shall proceed to address the merits of Petitioner's argument that his indefinite detention is in violation of the ninety (90) day removal limitation set forth in 8 U.S.C. § 1231(a)(1)(A) and that § 1231 does not authorize the detention of deportable aliens beyond the ninety day (90) removal period where there is no reasonable possibility that the Petitioner will be deported in the foreseeable future.

### A.   Ma v. Reno, 208 F.3d 815 (9th Cir. 2000)

Petitioner argues that under the Ninth Circuit's recent holding in Ma v. Reno, 208 F.3d 815 (9th Cir. 2000), it is clear that the INS has no statutory authority to detain Petitioner beyond the ninety day

1  removal period under 8 U.S.C. § 1231(a). See Motion at 3. In Ma v. Reno, the Ninth Circuit held that
2  "the INS lacks authority under the immigration laws, and in particular under 8 U.S.C. § 1231(a)(6),
3  to detain an alien who has entered the United States for more than a reasonable time beyond the
4  statutory period authorized for removal." Ma v. Reno, 208 F.3d at 818. The Ninth Circuit went on
5  to clarify its holding by stating: "More specifically, in cases like Ma's, in which there is no reasonable
6  likelihood that the alien will be removed in the reasonably foreseeable future, we hold that it may not
7  detain the alien beyond that statutory removal period." Id.

8      Petitioner argues that Ma's holding is directly applicable to Petitioner's case here because: (1)
9  he has been ordered removed to a country which will not accept his deportation; and (2)he has been
10 in INS detention beyond the statutory 90-day 'removal period.' Motion at 4. The court agrees with
11 Petitioner that China's refusal to issue him travel documents reveals that there is "no reasonable
12 likelihood that...[the] foreign government [China] will accept the alien's return in the reasonably
13 foreseeable future." Ma v. Reno, 208 F.3d at 822. China's reluctance to issue travel documents to
14 Petitioner is not due to an administrative delay, a failure which could easily be cured by additional time
15 for processing, or to any other apparent technical barrier which could be overcome in the reasonably
16 foreseeable future. It appears that absent a change of heart by the Chinese embassy, China's failure to
17 accept Petitioner makes it very likely that Petitioner will be indefinitely detained.

18     Respondent does not assert that China will issue travel documents at any time in the future.
19 It its return to the petition, the INS argues that even if this court were to find that the INS's detention
20 of Petitioner here is in violation of § 1231(a)(6) under Ma, "the court [should] hold this case in
21 abeyance pending the Supreme Court's imminent decision in Ma." Return at 1.

22     The court rejects Respondent's position. A district court may not stay a habeas petition for an
23 "indefinite, potentially lengthy" time. Yong v. Immigration and Naturalization Service, 208 F.3d 1116,
24 1120 (9th Cir. 2000) "Habeas proceedings implicate special considerations that place unique limits on
25 a district court's authority to stay a case in the interests of judicial economy." Id. "The [habeas corpus]
26 statute itself directs courts to give petitions for habeas corpus 'special, preferential consideration to
27 insure expeditious hearing and determination.'" Id.

28     Respondent argues that Yong does not prevent this court from granting its request for a stay

1  "briefly, pending the [Supreme Court's] certain final resolution of the statutory and constitutional issues
2  involved in Ma." The court will not grant the INS' request for a stay. First, while the Supreme Court
3  may issue a ruling in this case, it is not certain to occur in the near future and an indefinite stay of the
4  habeas petition would be an abuse of the court's discretion under Yong. Next, it does not appear that
5  repatriation papers will be forthcoming from the Chinese government in the near future.

6        Accordingly, the court finds that in the present case, the INS's detention of Petitioner beyond
7  the statutory removal period where there is "no reasonable likelihood that....[China] will accept
8  [Petitioner's] return in the reasonably foreseeable future" violates 8 U.S.C. § 1231(a)(6). Therefore,
9  the court grants Petitioner's habeas petition and orders that Petitioner be ordered released from INS
10 custody, subject to the supervisory authority in § 1231(a). See Ma v. Reno, 208 F.3d at 822.

11       In Ma, the Ninth Circuit explicitly noted: "All aliens ordered released must comply with the
12 stringent supervision requirements set out in 8 U.S.C. § 1231(a)(3)." 825 F.3d at 831. In addition,
13 other courts have explicitly contemplated a requirement of bond as a condition of release. See, e.g.,
14 In re: Indefinite Detention Cases, 82 F.Supp.2d 1098, 1101-1102 (C.D.Cal. 2000) ("a released alien
15 could be required to ...[c]onform to such restrictions on conduct or activities as prescribed, including
16 the posting of a cash or property bond."); Vo v. -Greene, 63 F.Supp.2d 1278, 1287 (D.Colo. 1999)
17 ("petitioners are entitled to habeas relief under the circumstances of these cases, subject to reasonable
18 bond terms"). Thus, the court finds that the INS is authorized to impose reasonable conditions of
19 release upon petitioner within its authority under § 1231(a)(3).
20 \\\
21 \\\
22 \\\

## IV. Conclusion

For the foregoing reasons, the court **GRANTS** Petitioner's petition for a writ of habeas corpus.

**IT IS SO ORDERED.**

6/26/01
Date

Judge Judith N. Keep
United States District Court
Southern District of California

CC: ALL COUNSEL
MAGISTRATE JUDGE RUBEN B. BROOKS